No. 5886, 2029.

## L. B. CARUTHERS *v.* T. T. HARNETT ET ALS.

1. PUBLIC OFFICER—INJUNCTION.—It is not only the right but the duty of a public officer to protect the books, records and papers of his office, and for this purpose, when necessary, he may seek the interposition of a court of equity by injunction.

2. INJUNCTION.—The district court has power to restrain the illegal expenpenditure of the funds of a county, the registration of the illegal bonds of a county, and the illegal issue and delivery of the bonds of a county which on their face evidence a county indebtedness.

3. INJUNCTION AGAINST PUBLIC OFFICER.—He who seeks to restrain improper or unlawful conduct on the part of a public officer must set forth facts showing that he has such an interest in the public welfare as to make him a proper party to prevent the commission of a public wrong. An allegation that the party seeking such restraint by injunction is a resident of the county and tax payer is generally sufficient to show such interest, but the writ can not properly issue unless it be alleged that the plaintiff's right will be greatly and irreparable injured by the acts of the officer who he seeks to restrain.

4. INJUNCTION.—An action by injunction in which a mandatory writ is asked to compel a public officer to transfer the public records to a place claimed by the petitioner to be the county seat, can not be maintained at the suit of a private citizen, because he has no such interest in the question as entitles him to have it adjudicated; following Walker v. Tarrant County, 20 Texas, 20; Harrell v. Lynch, 65 Texas, 146, and Ex parte Towles, 48 Texas, 414.

5. JURISDICTION—COUNTY SEAT.—A district court has no power to try cases of contested election for county seats, and a court of equity will not try and determine such a question on an application for injunction in cases involving the right to an office.

6. SAME.—If, however, the action has its basis in the assertion of a right involving pecuniary interest, not originating in the election, an inquiry can be made as to legal effect of an election when the election is set up

to defeat such a right; in such a suit, whatever may be the form of action, the vote on removing a county seat may be inquired into and its proper legal effect determined.

APPEAL from Presidio. Tried below before the Hon. T. A. Falvey.

*A. V. D. Olds* and *Hancock, Shelley & Hancock*, for appellant, cited section 14 Article 16, Constitution of 1876 of the State of Texas; Article 706, Revised Statutes, 115; sections 1, 4 and 5, chapter 76, Laws Sixteenth Legislature, 85; section 1, chapter 62, Laws Seventeenth Legislature, 67; Thouvenin v. Rodrigues, 24 Texas, 468; Houston Tap & Brazoria Railroad Company v. Randolph, 24 Texas, 317; Norwood v. Cobb, 15 Texas, 500; Lindsey v. Luckett, 20 Texas, 516; Mills v. Martin, 19 Johns, 7; Cox v. Thomas, Administratrix, 9 Grattan, 323; Freeman on Judgments, third edition, sections 116, 118, 119 and 120; and Wait's Actions and Defenses, volume 4, p. 195, and authorities cited.

No briefs for appellees on file.

STAYTON, ASSOCIATE JUSTICE. This action was brought by L. B. Caruthers, county treasurer of Presidio county, against the acting county judge, who had been appointed to serve during the suspension of the county judge elect, under an application to remove him from office, and against the county commissioners, two of whom were acting under appointment, during the suspension of two of the commissioners elect, against whom proceedings to remove them were also pending.

The petition recites facts which led to a declaration by the county judge of Presidio county that the county seat of the county, at an election held, had been removed from the town of Fort Davis to the town of Marfa, all of which he claimed was illegal, and alleged that Fort Davis was still the county seat. He further alleged that the defendants, assuming to be members of the county commissioners court, had issued bonds to pay for the erection of a court house and jail at Marfa, and that some of those bonds had been presented to him for registration, and that he had refused to register them, for reasons which he fully stated, and that the commissioners court had entered an order requiring him to register them.

He also averred that he feared and believed that the commissioners court would seek to enforce their order against him and

would seek to remove him from the office of county treasurer on account of his refusal to register the bonds. He stated fully the grounds on which he claimed that the bonds were illegal.

He also alleged that the defendants had removed the most of the county records from Fort Davis to Marfa, and that he still retained his office and books at Fort Davis, which he claimed to be the county seat; but he alleged that he feared and believed that the defendants would seize the records of his office and remove them to Marfa.

He sought an injunction restraining the defendants from proceeding against him under their order requiring him to register the bonds; to restrain them from proceeding against him for the purpose of removing him from office, and to restrain them from interfering with or removing the records of his office to Marfa.

He also asked that on the trial of the cause a mandatory writ issue requiring the defendants no longer to retain the county records at Marfa. The writ as prayed for was granted. The defendants filed exceptions to the petition, which were overruled, and the cause was then tried and resulted in a judgment for the defendants, from which this appeal is prosecuted. A motion is now filed to dismiss the appeal, upon the ground that this court has no jurisdiction.

If the district court had jurisdiction of any of the matters in reference to which relief is sought, then this court has jurisdiction, for the Constitution confers on this court appellate jurisdiction in civil cases of which the district courts have original or appellate jurisdiction. The district courts have jurisdiction to issue writs of injunction.

There can be no doubt that a district court has power to issue an injunction to restrain the illegal seizure or use of the books and papers pertaining to any public office; and it would seem not only the right but also the duty of any public officer entrusted with the records, books and papers of his office, affecting his own rights as well as the public welfare, to protect them from an illegal seizure or use, and to do this if necessary he may ask the interposition of a court of equity.

The relief sought by the appellant brings him within this rule in so far as he asks that the defendant be enjoined from seizing and carrying away the records, books and papers pertaining to his office of county treasurer.

A district court has the power to issue an injunction to restrain the illegal expenditure of the funds of a county, or to restrain

the illegal issue and delivery of the bonds of a county, upon their faces evidencing a county indebtedness. The registration of county bonds is one of the acts required to be performed before county bonds issued for the purpose of building a court house or jail can be delivered. (General Laws 1881, p. 6.)

The district court, then, had the power, in a proper case, by injunction to restrain the defendants from taking steps to have the bonds registered if they were illegal. Thus it is seen that the court below had jurisdiction over the subject matter of two of the items in reference to which the appellant sought relief. This is jurisdiction. The determination whether such a case as is made by the petition entitled the appellant to the relief which he sought is the exercise of jurisdiction.

This involved an inquiry whether the facts stated would entitle any person to relief, and also the further inquiry whether the appellant showed that he had such interest in the questions involved as would entitle him to the relief sought. We are of the opinion that the district court, under the averments of the petition, had jurisdiction of the case, though relief may have been sought which the appellant did not show himself entitled to. The motion to dismiss must therefore be overruled. The inquiry remains whether the appellant showed that he was entitled to the relief which he sought.

The court below, having overruled the demurrers filed by the defendants, tried the case and rendered a judgment in their favor. This is equivalent to an express finding that the defendants had no intention to seize, carry away, or in any manner to interfere with the official records, books or papers pertaining to the office of the county treasurer; and to a further finding that it was not intended to use any coercive measures to compel the defendant to register the bonds which he had declined to register. We can not say that the evidence did not justify the findings in this respect.

The court below might have sustained, very properly, the demurrer of the defendants to so much of the petition as sought to restrain the officers of the county from perfecting and delivering the bonds, upon the ground that the appellant showed no such interest in that matter as entitled him to relief.

The general rule, where an injunction is sought to restrain the acts of the public officers is thus clearly stated: "He who seeks to restrain improper or unlawful conduct on the part of public officers must allege sufficient facts to show that he has such an

interest in the public welfare as to make him a proper party to prevent the commission of a public wrong. It will generally suffice that the persons seeking the injunction are residents and tax payers. Thus it is held that complainants who are voters and tax payers in a county are proper parties to enjoin unauthorized expenditures of county funds by a county judge. But to warrant the relief in behalf of citizens and tax payers against acts of public officers it should be shown that plaintiff's rights will be greatly and irreparably injured by the acts which it is sought to enjoin, and unless this is shown the relief will be denied." (High on Injunctions, 1321.) The case of Rice v. Smith, County Judge, 9 Iowa, 570, was very similar in its facts to the case before us, but the plaintiffs were shown to be citizens, voters, property owners and tax payers of the county; while in the case before us there is no averment of any of these facts, except that the plaintiff is a resident of the county.

The appellant seeks a mandatory writ requiring the defendants to retransfer the county records to Fort Davis. Before a judgment could be rendered, directing such a writ to issue, it would be necessary to inquire and determine whether that place or Marfa is the county seat.

This can not be done at the suit of a private citizen; for the reason that he has no such interest in that question as entitles him to maintain an action in which such a question can be adjudicated. (Walker v. Tarrant County, 20 Texas, 20; Harrell v. Lynch, 65 Texas, 146; Ex parte Towles, 48 Texas, 414.)

It is well settled in this State that the district courts have no jurisdiction to try cases of contested elections for county seats; and it may be deemed settled here, as elsewhere, that a court of equity, on application for injunction, will not try and determine such questions, or cases involving the title to an office. (Walker v. Tarrant County, 20 Texas, 20; Harrell v. Lynch, 65 Texas, 146.)

It does not follow from this, however, when a right involving pecuniary interests, not originating in the election, is asserted, that no inquiry can be made as to the legal effect of an election when it is set up to defeat such a right.

In such case, when there is no controversy as to the vote cast, and the effect of that vote is to be determined as a matter of law, there can be no objection to considering it, whatever may be the form of the action, and to giving to the vote cast in favor of or against a given measure its proper and legitimate legal effect.

We find no error in the judgment and it will be affirmed.

*Affirmed.*

Opinion delivered December 10, 1886.