GULF, T. & W. RY. CO. v. LUNN et al.†

(Court of Civil Appeals of Texas. Texarkana. Nov. 9, 1911. Rehearing Denied Dec. 7, 1911.)

1. DISMISSAL AND NONSUIT (§ 58*)—MOTION TO DISMISS PETITION—EFFECT.

A motion to dismiss the petition is in the nature of a demurrer thereto, admitting the truth of all material allegations for the purpose of testing its sufficiency.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 134–139; Dec. Dig. § 58.*]

2. APPEAL AND ERROR (§ 750*)—ASSIGNMENT OF ERROR—EFFECT.

If appellant predicates its assignment of error upon a certain inference as to plaintiff's ground for recovery, appellant cannot complain on appeal of any injury from indulging in such inference.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 750.*]

3. STATUTES (§ 117*)—TITLES AND SUBJECTS —INVALIDITY.

Acts 31st Leg. c. 47, is entitled "An act to regulate the presentation and collection of claims for personal services or for labor rendered or for overcharges on freight, etc., against any person or corporation doing business in this state, and providing a reasonable amount of attorney's fees, to be recovered in cases where the amount of such claim shall not exceed $20," etc., and section 1 permits a recovery of attorney's fees in all suits on such claims without regard to the amount thereof. Held, that the statute was unconstitutional because its provisions are not embraced within the title.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. § 117.*]

4. JUSTICES OF THE PEACE (§§ 141, 145*)—APPEAL—POWER OF REVIEW.

Under the Constitution, the district court has no power to revise the judgments of justice's courts except where it is given appellate jurisdiction and where the amount in controversy exceeds $20 exclusive of costs.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. §§ 141, 145.*]

5. JUDGMENT (§ 423*)—EQUITABLE RELIEF— GROUNDS OF RELIEF.

Equity will grant relief from a judgment which is void for lack of jurisdiction over the subject-matter or parties, or which was procured by fraud, accident, or mistake, but will not grant relief where it was merely erroneous, the court having jurisdiction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 797–801; Dec. Dig. § 423.*]

6. JUSTICES OF THE PEACE (§ 31*)—JURISDICTION.

The court's jurisdiction of the subject-matter must be determined from the nature of the cause of action asserted when the suit was be-

gun, and if a justice of the peace had jurisdiction over the subject-matter when the action was begun, the fact that the debt sued for was afterwards extinguished would not deprive him of jurisdiction to render judgment, though the judgment rendered might be erroneous.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 71; Dec. Dig. § 31.*]

7. COURTS (§ 1*)—JURISDICTION—TEST.

The test of jurisdiction is whether the court has power to enter upon the inquiry, and not whether its determination is correct.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 1.*]

8. JUSTICES OF THE PEACE (§ 119*)—JUDGMENT —JURISDICTION—ATTORNEY'S FEES.

If a justice of the peace had jurisdiction of the parties and of a suit to recover for personal services, the fact that the law did not authorize a recovery of a sum asked for as attorney's fees did not deprive the court of jurisdiction so as to make its judgment, awarding attorney's fees, void, it being merely erroneous.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 119.*]

9. COURTS (§ 17*)—"JURISDICTION"—SUBJECT-MATTER.

Jurisdiction of the subject-matter is the power to hear and determine cases of the general class to which the particular proceedings belong.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 17.*

For other definitions, see Words and Phrases, vol. 4, pp. 3876–3885; vol. 8, pp. 7697, 7698.]

Appeal from District Court, Jack County; J. W. Patterson, Judge.

Suit by the Gulf, Texas & Western Railway Company against Earl Lunn and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Sporer & McClure and Ben B. Cain, for appellant. E. W. Nicholson, for appellees.

HODGES, J. The appellant instituted this suit in the district court of Jack county to restrain the enforcement of a personal judgment rendered against it in a justice court in favor of the appellee Earl Lunn. The petition alleges, in substance, that on the 10th day of May, 1910, the appellee Lunn filed a suit against it upon an account, or claim for wages, amounting to $3.50, claiming that the wages were due for personal services rendered, and in addition thereto for $10 attorney's fee. Citation was duly issued and served upon the appellant. On the 12th day of May, 1910, the account for $3.50 was paid in full by the appellant to Lunn, and the latter's receipt taken therefor. On the 28th day of June thereafter the case was called for trial by R. S. Blair, the justice of the peace presiding over the court in which the suit was pending, and the following judgment was entered: "This day this cause was regularly called for trial, and the plaintiff appeared by counsel and announced ready for trial; and the defendant also appeared by counsel and announced ready for trial; and a jury having been waived by both parties hereto, and the matters of things and

---

fact, as well as of law, having been submitted to the court, and the court having heard all of the evidence and the argument of counsel, and having been fully advised in the premises, is of the opinion that the law is with the plaintiff and against the defendant, and that the plaintiff ought to recover of the defendant as hereinafter shown; and it satisfactorily appearing to the court, from the evidence herein, that this is a suit by the plaintiff against the defendant for the sum of $3.50 for labor done and performed by the plaintiff for the defendant and for his reasonable attorney fees in the sum of $10; and it further appearing to the court from the evidence herein that after the said suit was filed and citation issued and served upon the defendant the said defendant paid to the plaintiff the said sum of $3.50 as sued for, and that no further judgment should be recorded for the plaintiff against the defendant for the said sum of $3.50 by reason of the facts above stated; and it further appearing to the court from the evidence herein that the plaintiff, Earl Lunn, duly and regularly employed E. W. Nicholson, Esq., a practicing lawyer of the Jacksboro Bar, to bring and prosecute for him this suit against said defendant: It is therefore adjudged, decreed, and considered by the court that the plaintiff, Earl Lunn, do have and recover of and from the defendant, the Gulf, Texas & Western Railway Company, the sum of $10 for his attorney fees herein to be taxed as part of the costs herein, and that said sum of $10 be paid as soon as collected to the said E. W. Nicholson, plaintiff's attorney herein, as aforesaid; and further that the plaintiff Earl Lunn do have and recover of and from the defendant, the Gulf, Texas & Western Railway Company, all costs in this behalf expended, and for all of which execution may issue. [Signed] R. S. Blair, J. P."

It is further alleged that upon the call of the case for trial the following evidence was offered: The receipt given by Lunn at the time the account was paid. E. W. Nicholson, counsel for the plaintiff, testified as to the presentation of the account, the length of time during which it remained unpaid, and the demands for its payment. He also offered testimony to prove that $10 was a reasonable attorney's fee in such a case. The defendant offered testimony tending to show that Lunn had never worked for it; that it did not owe him anything, but that the debt claimed was due from the Scranton Construction Company, and the delay in the payment by that company was caused by an oversight in making out the accounts and the inability to locate Lunn and pay him the money; that the money was paid upon the first opportunity afforded. It is further alleged that a motion for a new trial was filed in the justice court and overruled. The petition concludes with the following prayer: "That the amount of said judgment

is such that the plaintiff cannot appeal from the same and is without any remedy at law, and will be deprived of his legal rights and suffer gross injustice and irreparable injury unless this honorable court will interpose to prevent same by the issuance of its most gracious writ of injunction. Wherefore plaintiff prays that your honor issue your most gracious writ of injunction prohibiting and enjoining the said Earl Lunn, his agents, attorneys, and all persons representing or pretending to represent him, and also the said R. S. Blair, from suing out and issuing an execution based upon said judgment, and from levying and executing the execution already issued; and that on final hearing hereof that such injunction be made perpetual; and also that it recover all costs in this behalf expended, and for all such other and further relief, either in law or equity, as may seem meet and proper."

On the 28th day of July following, the district judge granted the temporary restraining order prayed for. At the next succeeding term of the court the appellees, plaintiffs below, answered by a motion to dismiss the cause for various reasons, among which was that the petition for the writ disclosed no equity upon its face. This motion was sustained by the court, and the cause dismissed. From that judgment this appeal is prosecuted.

[1] The motion to dismiss must be regarded as in the nature of a demurrer, and for the purpose of testing its legal sufficiency admits the truth of all the material averments in the petition. Floyd v. Turner, 23 Tex. 292.

Appellant insists that under the facts stated in its petition the justice court was, for two reasons, without power to render the judgment against which relief is here sought: First, because the plaintiff in the justice court had no right to and did not "obtain a judgment for the full amount of the claim sued for;" second, because the statute by virtue of which the attorney's fees were sought and recovered was unconstitutional and void. The petition does not set out or state the substance of the pleadings of either party in the justice court, and we are left to infer that the plaintiff there relied upon the statute referred to for his right to recover the attorney's fees claimed.

[2] In view of the fact that the appellant has predicated its only assignment of error upon that assumption, it cannot here complain of any prejudicial consequences following the indulgence of such an inference. The statute referred to is as follows: "That hereafter any person in this state, having a valid, bona fide claim against any person or corporation doing business in this state, for personal services rendered or for labor done, or for material furnished, or for overcharges on freight or express, or for any claim for lost or damaged freight, or for stock killed or injured by such person or corporation,

its agents or employés, may present the same to such person or corporation or to any duly authorized agent thereof, in any county where suit may be instituted for the same; and if, at the expiration of 30 days after the presentation of such claim, the same has not been paid or satisfied, he may immediately institute suit thereon in the proper court, and if he shall finally establish his claim, and obtain judgment for the full amount thereof, as presented for payment to such person or corporation in such court he shall be entitled to recover the amount of such claim and all costs of suit, and in addition thereto a reasonable amount as attorney's fees, provided, he has an attorney employed in the case, not to exceed twenty ($20.00) dollars, to be determined by the court or jury trying the case; provided, however, that nothing in this act shall be construed to repeal or in any manner affect any provision of the law now in force giving a remedy to persons having claims of the character mentioned in this act, but the same shall be considered as cumulative of all other remedies given to such a person or persons." Acts 31st Leg. c. 47.

[3] In Ry. Co. v. Lloyd, 132 S. W. 899, decided by the Court of Civil Appeals for the Second district, it was held that this law is unconstitutional upon the ground that its provisions were not embraced within the caption. A writ of error was subsequently denied by the Supreme Court, and that question may now be considered as having been definitely settled in favor of the appellant's contention. This being true, the proposition based upon the absence of any law authorizing the recovery of an additional sum as attorney's fees in this class of suits is really the only one which need be considered.

[4] Under our present Constitution the district court has no general power to revise the judgments of justice courts except in those instances where it is given appellate jurisdiction and where the judgment appealed from, or the amount in controversy, exceeds $20 exclusive of costs. G. H. & S. A. Ry. Co. v. Dowe, 70 Tex. 3, 6 S. W. 790. The petition here under consideration does not belong to that class of cases.

[5] In order to entitle the appellant to the relief sought in this proceeding it must appear from the petition that it alleged the existence of facts that called for the exercise of the general power of the district court to grant equitable relief from a judgment rendered in a court of law. This relief will be given when it is shown that the judgment attacked is void for lack of jurisdiction in the court over the subject-matter of the litigation, or over the parties to the suit (Railway Co. v. Rawlins, 80 Tex. 580, 16 S. W. 430; Railway Co. v. Dowe, supra); or when it is shown that the judgment was procured by fraud, accident, or mistake. G., C. & S. F. Ry. Co. v. King, 80 Tex. 683, 16 S. W. 641; L. R. & F. S. Ry. Co. v. Wells, 61 Ark. 354, 33 S. W. 208,

30 L. R. A. 560, 54 Am. St. Rep. 216, and notes; 4 Pomeroy on Eq. Juris. § 1364. Appellant has not alleged that there was any fraud, accident, or mistake in procuring the judgment in the justice court; neither is it claimed that the justice court did not have jurisdiction over the parties and over the subject-matter when the suit was filed, at least as to that portion embraced in the account sued on. If the judgment was subject to none of the objections above mentioned, but was nevertheless unjust, it was simply an erroneous adjudication from which the law has provided no means of escape.

[6] In their brief counsel for appellant seem to place much stress upon the allegation that the account sued on had previous to trial been paid in full; that no judgment was rendered upon it, and that the judgment was for the attorney's fees alone. The jurisdiction of the court over the subject-matter must be determined from the nature of the cause of action asserted at the time the suit was instituted, a time when the court was called upon to take judicial cognizance of the controversy. 1 Black on Judgments, §§ 243, 244. If at the incipiency of the litigation the justice court had jurisdiction over the subject-matter, the authority to determine the issues involved was not lost by the subsequent extinguishment of the debt in part, or in its entirety. The court would still have the judicial power to pass upon the issues involved, and to render a judgment for or against either party. It might render one wholly unsupported by the evidence. In such an event the adjudication would be merely erroneous, and not void. Rotzein v. Cox, 22 Tex. 63.

[7] The test of jurisdiction is whether the court had the power to enter upon the inquiry, not whether its conclusion was right or wrong. Board of Commissioners v. Platt, 79 Fed. 567, 25 C. C. A. 87; New Dunderberg Mining Co. v. Old, 79 Fed. 598, 25 C. C. A. 116.

[8] But the further contention is made: Conceding that the justice court had the power to determine the issues arising from the suit on the account, it had no power to render the judgment for the $10 attorney's fees. The reason assigned, when reduced to its practical signification, is that there was no warrant of law for such a recovery. It is immaterial whether the absence of the legal right to such a recovery resulted from the nullity of the statute upon which the claim is founded, or from the fact that no right, either statutory or common law, ever existed. Coming, then, to the ultimate question, the lack of power in the court to render this particular judgment for the attorney's fees, if it is lacking, must be due to the fact that there was no law authorizing such a recovery. To sustain that proposition would be tantamount to saying that if the facts alleged in the pleadings show no right to the relief sought, the court had no judicial power to grant such relief. Such a holding would

in effect be limiting the judicial powers of courts to the determination of issues of fact only, and excluding any authority to pass upon issues of law. In every legal controversy presented to the court the sufficiency of the facts alleged to entitle the complaining suitor to the relief which he seeks is the very first question which it is called upon to determine. The power to make such a determination is a necessary incident to the authority to pass upon the merits of the controversy. If the court which tries the case has no authority to determine whether or not the facts alleged constitute a justiciable controversy, where is that power lodged? If, having that power, it reaches an incorrect conclusion and awards the plaintiff relief to which he is not in law entitled, the adjudication is erroneous, but not void for want of power in the court.

[9] Jurisdiction of the subject-matter is the power to hear and determine cases of the general class to which the proceedings in question belong. 11 Cyc. 669; 17 A. & E. Ency. (2d Ed.) 1060; Freeman on Judgments, § 135; 1 Black on Judgments, § 241; State v. Neville, 110 Mo. 345, 19 S. W. 491; Caruthers v. Harnett, 67 Tex. 127, 2 S. W. 523. Black, in the section referred to above, says: "Indeed it would be impossible upon any rational theory to make the jurisdiction depend upon the validity of the case stated by the plaintiff. For the court must pass upon the sufficiency of the declaration, and jurisdiction to proceed at least so far must be acquired by the mere filing of the pleadings and service of the process." In the case of Caruthers v. Harnett, cited above, the jurisdiction of the district court to issue a writ of injunction was questioned upon the ground that the petition disclosed no right to the relief sought. After referring to the authority of the district courts to grant writs of injunction generally, the court says: "The determination whether such a case is made by the petition as entitled the appellant to the relief which he sought is the exercise of jurisdiction. This involved the inquiry whether the facts stated would entitle any person to relief, and also the further inquiry whether the appellant showed that he had such interest in the questions involved as would entitle him to the relief sought. We are of the opinion that the district court, under the averments of the petition, had jurisdiction of the case, though relief may have been sought which the appellant did not show himself entitled to."

When the suit was instituted by the appellees against the appellant in the justice court seeking the recovery of $3.50 for services rendered and for the further sum of $10 as reasonable attorney's fees, a demurrer might have been interposed as to the latter item, because upon the face of the pleadings the plaintiff in the suit was not entitled to recover such fees. The justice court had the power to pass upon that demurrer. Suppose the justice had overruled it; would his ruling be a nullity? Clearly not. But suppose the defendant, instead of presenting an objection to that item in the form of a demurrer to the pleadings, had raised the question of the sufficiency of the evidence, as he seems to have done; would the judicial authority of the justice court to determine that issue be any the less manifest?

We conclude that the judgment of the justice court was not void, however erroneous it may have been, and that the court below correctly held that the petition for the writ of injunction failed to show any grounds for the equitable relief sought. The judgment is affirmed.