## HURLEY et al. v. BUCHANAN et al.
### (No. 736.)

(Court of Civil Appeals of Texas. Beaumont. June 2, 1921. Rehearing Denied June 29, 1921.)

1. **Counties** ⬦155—**Commissioners' court, and not county treasurer, custodian of funds.**

Under Rev. St. 1911, arts. 2440, 2453, the commissioners' court, and not the county treasurer, is the custodian of county funds.

2. **Counties** ⬦196(3)—**Injunction not granted in taxpayer's suit involving selection of bank for deposit of funds.**

When a superior court is asked by taxpayer to review an exercise of discretion by commissioners' court in selecting a depository of county funds under Rev. St. 1911, art. 2445, and to enjoin such court from selecting a bank for deposit, it should be made to appear that such court has the power to correct the wrong complained of, and to leave the affairs of the county in a worse condition than when it interfered would not be a proper exercise of such equitable power, and it would be improper to grant such an injunction where the result is to leave the funds in part without bond protection and in the hands of a bank that is not a party to the suit and is relieved of the obligation of paying interest, even though there was an illegal exercise of discretion.

3. **Injunction** ⬦114(2) — **Not maintained by private citizen to enjoin public injury.**

A suit cannot be maintained by a private citizen to enjoin an injury which affects the public generally, but which inflicts no special wrong on him individually.

4. **Appeal and error** ⬦456—**Commissioners' court may be enjoined from interfering with jurisdiction.**

Where bank has been granted injunction restraining commissioners' court from designating another bank as county depository under R. S. 1911, art. 2445, and an appeal has been taken, the appellate court has authority to enjoin any action by the commissioners' court in entering into contracts concerning the subject-matter of the appeal which would interfere with the jurisdiction of the appellate court over such subject-matter, but such relief must be on the petition of a party to the litigation.

Appeal from District Court, Hardin County; J. L. Manry, Judge.

Suit by S. R. Buchanan and others against L. G. Hurley and others. Order granting plaintiffs a temporary writ of injunction, and defendants appeal. Reversed.

See, also, 229 S. W. 663.

A. D. Lipscomb and O. S. Parker, both of Beaumont, for appellants.

W. W. Cruse, of Beaumont; and E. B. Pickett, Jr., of Liberty, for appellees.

WALKER, J. On the 30th ult. S. R. Buchanan, P. H. Sterling, E. C. Pope, and M. Smith, residents of Hardin county, Tex., as relators, presented their petition to Hon. J. L. Manry, judge of the Ninth judicial district of Texas, in vacation, praying for a writ of injunction against L. G. Hurley, Hardy Chance, Albert Cook, and the commissioners' court of Hardin county, Tex., the said court being composed of L. G. Hurley, county judge of Hardin county, Albert Cook, commissioner of precinct No. 1 of said county, Hardy Chance, commissioner of precinct No. 2 of said county, Archie Wil-

kins, commissioner of precinct No. 3 of said county, and J. J. Jordan, commissioner of precinct No. 4 of said county, and also of Charles McKim, who is county auditor of said county, and J. W. Chalfant, county treasurer of said county. The substance of this petition is as follows:

1. That the plaintiffs are taxpayers in Hardin county, and qualified voters, and this suit is brought not only in their own behalf, but in behalf of other citizen voters and taxpayers of said county similarly situated and interested as are these plaintiffs.

2. "That prior to the 14th day of February, 1921, the said commissioners' court duly advertised for bids or proposals from any banking corporation, association, or individual banker in said county that desired to be selected as depository of the funds of said county, and thereafter, to wit, on the 14th day of February, 1921, said commissioners' court duly convened at 10 o'clock a. m. on that day, same being the first day of such term, and in the afternoon publicly opened the three bids which had been received by them in response to said notice and advertisement, and then and there duly entered such bids so received by them upon the minutes of said court, the three bids being as follows:

"(1) A bid from and by Citizens' National Bank of Sour Lake, located at Sour Lake, in said county, offering to pay 6⅛ per cent. upon and for such funds.

"(2) A bid from and by Sour Lake State Bank, located at Sour Lake, in said county, offering to pay 4½ per cent. upon and for such funds.

"(3) A bid from and by Hardin County State Bank, located at Kountze, in said county, offering to pay 4 per cent. upon and for such funds."

3. That all three bids were in due form and accompanied by proper checks; that a majority of the court voted to accept the bid of the Hardin County State Bank; that they declined to accept the bid of the Citizens' National Bank, which offered to pay interest at the rate of 6⅛ per cent., and, had its bid been accepted, it was able, ready, and willing to give the bond required by law.

4. "That heretofore, to wit, on the —— day of March, 1921, H. G. Camp and others filed in this court suit No. 3981, styled H. G. Camp et al. v. L. G. Hurley et al., wherein this honorable court on the 17th day of March, 1921, granted a temporary writ of injunction to the extent and in terms as follows: Enjoining and restraining the defendants in said suit from accepting or approving any bond which might be tendered to them by said Hardin County State Bank as depository for said county and further from proceeding in any manner whatsoever to select said Hardin County State Bank as depository for said county, and also from in any manner whatsoever attempting to treat with, consider, regard, or recognize said Hardin County State Bank as the depository for said Hardin county, the defendants in said suit No. 3981 being L. G. Hurley, Albert Cook, Hardy Chance, Archie Wilkins, J. J. Jordan, and the commissioners' court of said Hardin county, and after the original filing of said suit the county

of Hardin appeared as a defendant therein, and said Hardin County State Bank intervened therein, and, said cause No. 3981 coming on for trial upon its merits, this honorable court on the 13th day of April, 1921, rendered a final judgment perpetuating said temporary injunction which had been granted on March 17, 1921, as above alleged, and to that judgment the defendants in said cause excepted and gave notice of appeal to the court of Civil Appeals for the Ninth Supreme Judicial District of Texas, and the said suit yet remains on file in this court undisposed of, and the issues involved therein have not been finally determined or terminated, and the defendants herein, L. G. Hurley, Hardy Chance, and Albert Cook, are, as defendants in said cause No. 3981, prosecuting an appeal to said court of Civil Appeals from the final judgment of this court so rendered in said cause No. 3981 on April 13, 1921, and their defense in said suit was, and such defense still now being urged by them is, and still it is their contention, that they properly and lawfully accepted the said bid of the Hardin County State Bank submitted to them of February 14, 1921, as above alleged and that they then and there properly and lawfully selected said Hardin County State Bank as depository for said county."

5. "That, notwithstanding the defendants Hurley, Chance, and Cook have made and are making such a defense and contention in said suit No. 3981, and that litigation and the disputed issues therein remain undisposed of, said defendants Hurley, Chance, and Cook, contrary to law and wholly without power or authority, on the 25th day of April, 1921, acting in their capacity as county judge and county commissioners, respectively, convened said commissioners' court of Hardin county in special session, and proceeded to make and enter an order requiring and directing that the funds of said Hardin county be deposited in two banks located in said county, viz., the Silsbee State Bank, at Silsbee and the Sour Lake State Bank, at Sour Lake, for a period of 90 days at 4 per cent. interest to be computed upon daily balances, and further the said county judge and two commissioners, Chance and Cook, on the 28th day of April, 1921, made and entered an order accepting and approving bonds which were offered to them by said two banks above named in which said defendants have unlawfully ordered that the funds of said Hardin county be deposited, that by the terms of article 2445, R. S., it is provided that when the matter of selecting a depository is being considered by the commissioners' court, 'if for any reason there shall be submitted no proposals by any banking corporation, association, or individual banker to act as county depository, or in case no bid for the entire amount of county funds shall be made, or in case all proposals made shall be declined, then in any such case the commissioners' court shall have the power, and it shall be their duty, to deposit the funds of the county with any one or more banking corporation, association, or individual in the county or in adjoining counties, in such sums and amounts and for such periods of time as may be deemed advisable by the court, and at such rate of interest, not less than 1½ per centum per annum, as may be agreed upon by the commissioners' court

and the banker or banking concern receiving the deposit, interest to be computed upon daily balances due the county treasurer'; that until the said suit No. 3981 is finally disposed of it has not been determined and cannot be determined, and it is at this time not a determined fact that all bids or proposals submitted to said commissioners' court on February 14, 1921, as above alleged, were by said court declined, and therefore the facts do not exist which would authorize or empower said commissioners' court to make and enter the order which said three defendants, Hurley, Chance, and Cook, made on April 25, 1921, endeavoring and undertaking to have the funds of said Hardin county deposited in the two banks above named at 4 per cent. interest upon daily balances."

6. That the said S. R. Buchanan, one of the plaintiffs herein, was present in said commissioners' court on April 28, 1921, and before the above-described order was made protested against such action by the court, and "having authority so to do from said Citizens' National Bank of Sour Lake, he submitted to said court a binding offer and proposal to still have its bid submitted on February 14, 1921, accepted and said bank selected as depository for said county," and offered to deposit with the commissioners' court his personal check for $5,000 so as to guarantee that the said Citizens' National Bank would make a proper and sufficient bond as depository for said county; that said Citizens' National Bank was in every way a suitable bank for such depository, and, being the depository for the county funds for the two preceding years, had faithfully discharged its duty as such. They adopt as an allegation of fact in their petition a finding of fact made by the court in cause No. 3981, as follows:

"That the county judge, L. G. Hurley, and the two county commissioners, Cook and Chance, who voted in favor of accepting the said bid of Hardin County State Bank offering to pay only 4 per cent. interest upon said county funds, acted arbitrarily and transcended the authority and grossly abused the discretion which under the law they were expected to fairly exercise in considering said three bids; and further I find that said county judge and two county commissioners who so voted in favor of accepting said bid of Hardin County State Bank were grossly negligent in so voting, and they voted without considering the question with sufficient care, and their said votes in favor of said lowest bid were prompted and induced by a personal desire and preference to have the county depository located at the county seat, and to such a personal preference and desire they gave undue and improper importance, while they failed and neglected to give any consideration to or make any investigation of the matters and facts which would have enabled them to properly discharge their duty in regard to selecting the county depository.

"Further I find that before the commissioners' court convened on February 14, 1921, the said county judge and two county commissioners, Cook and Chance, conferred and discussed among themselves their preference for having the county depository located at the county seat, and each of the three expressed himself as being of the opinion that it would be more convenient for the Hardin County State Bank, at

Kountze, to act as depository, and each of them showed a disposition to favor said Hardin County State Bank without reference to the real merits and reliability and responsibilty of the three bids which were submitted to them for consideration on February 14th, 1921, and when on that day they did vote to accept the bid of the Hardin County State Bank they were actuated to an undue degree and improper extent by such favoritism for and towards the Hardin County State Bank and their purely personal inclination and desire to award the depository to said bank and to prevent the funds from being kept in some bank away from the county seat."

6. "That the deliberate, unlawful, and arbitrary action and conduct on the part of said L. G. Hurley and said two county commissioners, Chance and Cook, and their action in so grievously transcending their authority and grossly abusing the discretion which under the law they were expected to fairly exercise in the matter of selecting a depository for said county, all of which is fully and particularly shown by the findings of fact made by this honorable court on the trial of said cause No. 3981, if said defendants had carried out their personal desire and intention to select said Hardin County State Bank as depository for said county, and now that said county judge and two county commissioners have again unlawfully and without any warrant or authority as above alleged undertaken to deposit the funds of said county in the two banks above named at a rate of only 4 per cent. interest, when said Citizens' National Bank of Sour Lake has offered and is yet offering to pay 6⅛ per cent. upon and for such funds, will, unless such action and purpose on the part of said three defendants is restrained, result in serious loss and damage to plaintiffs and all other taxpayers of said Hardin county and will cause them to suffer a total and irreparable loss, waste, and injury, and all of this will be brought about and result from the acts of said county judge and two county commissioners in transcending their authority and in grossly abusing their discretion in arbitrarily, unlawfully, and fraudulently endeavoring and undertaking to deposit the funds of said county in said two banks, one at Silsbee, in said county, and the other at Sour Lake, in said county, as said three defendants have ordered that said funds be so deposited by the order which they made on April 25, 1921, as above alleged, and in making such order said three defendants have not only again grossly abused their discretion and acted arbitrarily and transcended their authority, but in making such order their willful and deliberate purpose and design still is to unlawfully deprive said Citizens' National Bank of Sour Lake of said depository and to prevent the taxpayers of said county from receiving the higher rate of interest which said Citizens' National Bank has proposed to pay and is still ready, able, and willing to pay and to obligate itself by bond in the manner and form required by statute as depository for said county and the amount of such loss to the taxpayers of Hardin county because of the difference in the rate of interest will be according to the sworn testimony of the county treasurer of said county upon the trial of said cause No. 3981 approximately

the sum of $14,000 for the ensuing period of two years."

7. "Wherefore plaintiffs pray the court to grant them a most gracious writ of injunction restraining all of the defendants herein from attempting to in any manner whatsoever carry out, comply with, conform to, or to obey said order of the commissioners' court made on April 25, 1921, directing that the funds of said county be deposited in the Silsbee State Bank and in the Sour Lake Bank, and further enjoining and restraining all of the defendants herein from respecting, observing, or abiding by or regarding as valid the said order in any manner whatsoever and further enjoining and restraining all of the defendants herein from withdrawing or attempting to withdraw any of the funds now or hereafter held on deposit by said Citizens' National Bank of Sour Lake as depository for said county for the purpose of depositing such funds in said Silsbee State Bank or said Sour Lake State Bank in accordance with said order of the commissioners' court of said county made on April 25, 1921, and further plaintiffs pray that defendants be duly cited to appear and answer this petition, and that on final hearing such temporary writ of injunction above prayed for be perpetuated, and that they have judgment against defendants for their costs, and for all other and further relief, both legal and equitable, general and special, to which they may be justly entitled."

This petition was duly verified. On this petition Judge Manry indorsed his fiat as follows:

"In Chambers, This 30th day of April, 1921. The foregoing petition for injunction having been carefully considered by me, it is ordered that the clerk of the district court of Hardin county, Tex., issue a temporary writ of injunction in all things as prayed for in the within petition, upon the petitioners executing to the adverse parties a bond, with two or more good and sufficient sureties, in the sum of five thousand ($5,000.00) dollars, conditioned as the law requires. J. L. Manry, Judge Ninth Judicial District of Texas."

The petition was then filed in the district court, and the defendants at once perfected this appeal from such order, without filing answer, or motion to dissolve.

## Opinion.

[1] Under our present laws, the commissioners' court, and not the county treasurer, is made the custodian of the county funds. Its duty, in relation to safeguarding the county funds, is set forth under articles 2440–2453, R. S. 1911, prescribing the time and manner of selecting county depositories. In making the contract enjoined, the court undertook to act under article 2445, which is as follows:

"If for any reason there shall be submitted no proposals by any banking corporation, association, or individual banker, to act as county depository, or in case no bid for the entire amount of the county funds shall be made, or in case all proposals made shall be declined,

233 S.W.—38

then in any such case the commissioners' court shall have the power, and it shall be their duty, to deposit the funds of the county with any one or more banking corporations, associations, or individual bankers, in the county or in adjoining counties, in such sums and amounts and for such periods of time as may be deemed advisable by the court, and at such rate of interest, not less than one and one-half per cent. per annum, as may be agreed upon by the commissioners' court and the banker or banking concern receiving the deposit, interest to be computed upon daily balances due the county treasurer; and any banker or banking concern receiving deposits under this section (article) shall execute a bond in the manner and form provided for depositories of all the funds of the county, with all the conditions provided for same, the penalty of said bonds to be not less than the total amount of county funds to be deposited with such banker or banking concern."

In discussing the discretion vested in the commissioners' court, under authority of the articles above cited, we said in Hurley v. Citizens' National Bank, 229 S. W. 663:

"We have arrived at the conclusion, however, that it was not the intention of the Legislature to compel the commissioners' court of a county to select as the depository of county funds the banking corporation, association, or individual banker 'offering to pay the largest rate of interest per annum for said funds.' On the contrary, it is our opinion that it was the intention of the Legislature to vest in the commissioners' court a discretion in making such selection for county funds, and that unless the commissioners' court, in making such selection for county funds, should abuse that discretion by acting fraudulently or arbitrarily, or with some other improper motive, its action in selecting a depository for county funds cannot be reviewed or controlled by any other court."

[2] When a superior court is asked to review an exercise of such discretion by the commissioners' court, it should be made to appear that such court has the power to correct the wrong complained of. To leave the affairs of the county in a worse condition than when it interfered would not be a proper exercise of such equitable powers. That result has followed from the granting of this injunction. Under the contract enjoined, on the ground that it was an arbitrary and unlawful exercise of discretion, the funds of the county were protected by a good and sufficient bond, and were to draw interest at the rate of 4 per cent. per annum. This injunction leaves the funds of the county, in part, without bond protection, and in the hands of a bank that is not a party to this suit and is relieved of the obligation of paying interest. The commissioners' court is thus enjoined from the performance of a sacred duty imposed upon it by law— that of safeguarding the funds of the county, under conditions that will provide for the payment of interest. If we concede that the alleged facts exclude the authority of the

commissioners' court to contract under article 2445, and show an illegal exercise of discretion in refusing to accept the bid of the Citizens' National Bank, on the allegations of this petition, the district judge was without authority to grant this injunction, because in doing so he left the county in worse condition than it was before he interfered. When by correcting one injury it inflicts a greater, a court of equity is without authority to act.

To review the discretion of the commissioners' court, the suit must be by one with authority to maintain the action. It is not sufficient to show that he is a taxpayer, and that the court, by refusing the bid of the Citizens' National Bank, has injured and damaged the county revenue to the extent of $14,000 a year. If he would maintain the suit, he must pray for a relief that will be to the advantage of himself and the other taxpayers of the county. These plaintiffs have prayed for and been granted a relief that is to the great injury of themselves and all other taxpayers of the county. They have deprived the county of all interest on its deposits, and have left a portion of its funds unprotected. They have enjoined their county officers from the performance of their sacred duty of safeguarding the county funds and of providing for a portion of the county revenue by receiving interest on this fund.

[3] It seems to us that Brumby v. Boyd, 28 Tex. Civ. App. 164, 66 S. W. 878, is authority against the right of the plaintiff to maintain this cause of action. In that case the court said:

"A suit cannot be maintained by a private citizen to enjoin an injury which affects the public generally, but which inflicts no special wrong on him individually. City of San Antonio v. Strumberg, 70 Tex. 366, 7 S. W. 754; Caruthers v. Harnett, 67 Tex. 131, 2 S. W. 523."

The wrong complained of did not inflict any special injury on plaintiffs, but the writ granted does inflict a great injury on the public generally. See, also, Polly v. Hopkins, 74 Tex. 147, 11 S. W. 1084.

[4] It is made to appear by the allegations of plaintiffs' petition, as given above, that cause No. 3981, wherein the Citizens' National Bank has been granted an injunction restraining the commissioners' court from designating the Hardin County State Bank as county depository, is now on our docket on appeal from such order. If the commissioners' court is attempting to enter into another contract that will interfere with our jurisdiction over the subject-matter of that appeal, we have the authority to enjoin any action by that court which could have that effect. But such relief, if granted, must be on the petition of a party to that litigation.

It follows that this cause must be reversed, and the injunction dissolved, and it is accordingly so ordered.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes