KUNSCHIK, Com'r Bureau of Labor Statistics, et al. v. NICHOLS et al.

No. 14027.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 6, 1939.

Rehearing Denied Nov. 24, 1939.

Gerald C. Mann, Atty. Gen., of Texas, and Geo. W. Barcus, Morris C. Hodges, and A. S. Rollins, Assts. Atty. Gen., for appellants.

Dee Estes and T. F. Morrow, both of Fort Worth, for appellees.

BROWN, Justice.

The appellees are owners of establishments that use high pressure steam boilers, which are subject to the provisions of an Act passed by the 45th Legislature of Texas, known as House Bill No. 352 and called "Steam Boiler Inspection law", and being Article 5221c of Vernon's Anno. Revised Civil Statutes of the State of Texas.

They brought suit in the 96th District Court against Joe Kunschik, Commissioner of the Bureau of Labor Statistics of Texas, alleging that they are subject to the provisions of such law and that the defendant Commissioner is threatening to have their said boilers inspected by wholly incompetent inspectors, who will demand of them the fees provided for in the said Law, and who will make such inspection without sufficient knowledge of and experience in such matters, and that such inspection by such unqualified inspectors will not afford the plaintiffs the protection that the said law guarantees to them, in that they are entitled to have their boilers inspected by competent and experienced men. They prayed "for a temporary restraining order or a temporary writ of injunction without notice", and that the defendant be cited to appear on a day certain to show cause, if any, "why he has not complied with the requirements of law in selecting competent inspectors to inspect plaintiffs' said boilers. And plaintiffs further pray for citation to issue to the defendant in the manner provided by law, and that upon a final hearing hereof, defendant be perpetually enjoined from the violation of law in respect to the examining and selecting of Boiler Inspectors in Texas, and from unlawfully demanding inspection fees from them, and from in any manner molesting or interfering with them in the lawful conduct of their business," etc.

They particularly name one Charles W. Kellum, who was appointed by the said Commissioner as Chief Boiler Inspector, and allege his disqualifications and his lack of qualification to perform such services.

The petition having been presented to the trial court on May 18, 1939, the court made an order granting a temporary restraining order, as prayed for, effective until June 5, 1939, and ordering the Clerk of such Court to notify the defendant to appear before the court on said June 5, 1939, to show cause, if any, why he should not be temporarily enjoined, as prayed for in plaintiffs' petition. Such official notice was served upon the said Commissioner on May 22, 1939, and he failed to appear on such date, to-wit, June 5, 1939, or to answer therein.

Judgment by default, after a hearing had, was entered by the trial court, granting the plaintiffs a temporary injunction against "Charles W. Kellum, his agents, servants and employees, from inspecting or causing to be inspected, plaintiffs' boilers, and from demanding inspection fees from them and from in any manner molesting them in the lawful conduct of their business." The court expressly found "that the said Kellum has not had sufficient experience to qualify under the law as boiler inspector."

The court refused to grant the prayer for an injunction against the Labor Commissioner.

The Labor Commissioner and Inspector Kellum have appealed.

As we view this case, the plaintiffs below and appellees here are not attempting to evade the provisions of the statute, under which their boilers must be inspected at proper intervals. They are asking that competent inspectors be delegated to make such inspections, for their protection and that of the public.

Evidence having been adduced on the issue and the trial court having found that Charles W. Kellum, Chief Boiler Inspector, is not competent to make such inspections, we think the trial court warranted in enjoining him from making the inspections and putting the plaintiffs to the expense thereof.

The trial court has made no effort to enjoin the Labor Commissioner from doing or having done the acts of inspection that are necessary by and through any

competent Deputy Inspector, the appointment of whom is enjoined upon the Commissioner by the provisions of Section 8 of said Article.

The following assignments of error are presented: (1) The trial court erred in taking jurisdiction of the case and in granting the injunction because the suit is an attack on the right of Commissioner Kunschik to hold such office, and such action may only be had through a quo warranto suit; (2) the trial court erred in granting the injunction against Kellum preventing him from performing the duties of his office, because, in any event, he is a de facto officer and his right to hold office and to perform the duties relating thereto may only be questioned in a quo warranto proceeding; (3) the trial court erred in granting the injunction against officer Kellum because he is not a party to the suit, was not served with process and made no appearance in the case.

If the language used by the petitioners in part presents an attack upon Commissioner Kunschik's right to hold office, such portion of the pleading found no favor with the trial court, and such court only looked to and considered that portion of the petition which asserts that the Commissioner has appointed one Kellum as Chief Boiler Inspector, that he is wholly unqualified and is threatening to demand the right of inspection of petitioners' boilers, to inspect same and charge fees therefor, to petitioners' injury. The trial court has not enjoined the Commissioner from having petitioners' boilers inspected by competent inspectors, and under the very provisions of the said statute, the right of the Commissioner to appoint qualified deputy inspectors is conferred.

As we see the order of the trial court, the Commissioner may at any time order and make an inspection of the petitioners' boilers by any qualified deputy inspector.

We do not believe that the cases cited, to-wit, Williams v. Castleman, 112 Tex. 193, 247 S.W. 263, and Snow v. State, Tex.Cr.App., 114 S.W.2d 898, control the case at bar.

Our Supreme Court, in Caruthers v. Harnett, 67 Tex. 127, 2 S.W. 523, 525, in discussing the right of a citizen to injunctive relief as against a public officer, quoted from High on Injunctions, as follows: "He who seeks to restrain an improper or unlawful conduct on the part of public officers must allege sufficient facts to show that he has such an interest in the public welfare as to make him a proper party to prevent the commission of a public wrong."

In an exhaustive opinion by Mr. Justice Brady, of the Austin Court of Civil Appeals, the right to injunctive relief against the acts of public officers is fully discussed, and the following quotation from High on Injunctions is cited: "The preventive jurisdiction of equity extends to the acts of public officers, and will be exercised in behalf of private citizens who sustain such injury at the hands of those claiming to act for the public as is not susceptible of reparation in the ordinary course of proceedings at law." Lawson v. Baker, Tex.Civ. App., 220 S.W. 260, 264.

It being made to appear to the trial court that the Chief Boiler Inspector, Kellum, who was appointed by the Commissioner, and who is acting under his orders, is wholly disqualified to inspect petitioners' boilers, we believe that the trial court did not err in granting the temporary injunction as against Kellum.

As to the contention that Kellum was not cited and did not appear in the case, and that the trial court had no jurisdiction over him, we do not think the point well taken.

Kellum is a part of the official family of the said Commissioner. He was appointed by the Commissioner, who was served with process, and, according to the petition, Kellum is not only not qualified to inspect petitioners' boilers but is threatening to do so and his acts will cause injury to petitioners, which is peculiar to them, and, at the same time, will prove injurious to the public.

We do not believe that Chief Inspector Kellum had to be served with process before he could be enjoined from making such inspections, under the direction and supervision of his superior, who was duly served with process.

This is an appeal from an order granting a temporary injunction. No effort has been made to dissolve the injunction or to try the cause on its merits.

The trial court was of opinion that the injunctive relief should be granted to the extent that the order shows, and we do not believe that he has abused his discretion in such matter.

The judgment is therefore affirmed.