PIERCE v. JONES.    (No. 5765.)

(Court of Civil Appeals of Texas. Austin. March 28, 1917.)

1. ESTOPPEL ⊜⇒22(2)—RECITAL IN MORTGAGE.
   Mere declaration of one in a deed of land which is his actual residence that it is not his homestead will not estop him to claim it as such against execution of a third person.
   [Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 30–45.]

2. EXECUTION ⊜⇒171(2)—INJUNCTION—REMEDY AT LAW.
   One may, as against claim of adequate remedy at law, have injunction against execution sale of his homestead which would cast a cloud on his title.
   [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 498, 499.]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Suit by A. Jones against Jesse W. Pierce to enjoin execution sale. Judgment for plaintiff, and defendant appeals. Affirmed.

W. K. Saunders, of Belton, for appellant. A. D. Dyess, of Temple, for appellee.

JENKINS, J. Appellee inherited an undivided interest in the land in controversy, and purchased the interest of other heirs. He executed a deed of trust to secure the purchase money. Subsequently he purchased the interest of other heirs and secured a loan company to take up his former note, and executed a deed of trust to secure all of the purchase money which he owed on said land. This latter deed of trust contained a recital that the land was no part of his homestead, and that he had a homestead on other lands in Bell county. In fact, the land at the time of the execution of this deed of trust, and for many years prior thereto, had been the homestead of appellee, who resided upon the same with his wife and children, and he did not own any other land in Bell county. He continued to reside upon said land until the time of the trial hereof. Appellant obtained a judgment against appellee in Williamson county, and had an execution levied on the land in controversy. Appellee brought this suit to enjoin the sale under said execution. The court granted a temporary injunction, and upon trial hereof made such injunction perpetual.

[1] Appellant contends in effect that appellee is estopped from claiming the land as his homestead by reason of the declaration in said deed of trust. None of the elements of estoppel can be invoked in behalf of appellant; the land, being the actual residence of appellee, was his homestead, regardless of the statement in the deed of trust. Rose v. Blankenship, 18 S. W. 101; Coates v. Caldwell, 71 Tex. 19, 8 S. W. 922, 10 Am. St. Rep. 725; Barnes v. White, 53 Tex. 628; Pellat v. Decker, 72 Tex. 578, 10 S. W. 696; Jacob v. Hawkins, 63 Tex. 1; Loan Co. v. Blalock, 76 Tex. 85, 13 S. W. 12.

[2] Appellant also insists that the judgment should be reversed upon the ground that appellee had an adequate remedy at law. The well-considered case of Stolte v. Karren, 191 S. W. 600, disposes of this contention. The sale of the land in controversy under appellant's execution would have cast a cloud upon appellee's title, and the same being his homestead, he was entitled to have said sale perpetually enjoined.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.