SHEPHERD LAUNDRIES CO. v. GRIFFIN.
(No. 8868.)

(Court of Civil Appeals of Texas. Galveston. May 10, 1926. Rehearing Denied June 3, 1926.)

1. Pleading ⪴34(7) — Reviewing court will give pleading benefit of every reasonable intendment, where there was no special exception to it, on ground of uncertainty.

Where there was no special exception to defendant's pleading on ground that it was involved, redundant, and generally uncertain as to amounts of damage intended to be declared on, reviewing court will give it benefit of every reasonable intendment.

2. Courts ⪴170—Cross-action for fraud in sale of machinery held to declare on damages in amount not exceeding jurisdiction of county court.

In suit on notes and to foreclose chattel mortgage on machinery sold to defendant, cross-action charging that contract and sale had been procured through fraud *held* to declare on damages in amount not exceeding jurisdiction of county court.

3. Evidence ⪴434(11) — Evidence showing that written contract had been procured through fraud held not inadmissible as varying written contract, though defendant does not seek rescission for fraud.

In suit on notes and to foreclose chattel mortgage given in part payment on machinery sold defendant under written contract, evidence showing that contract and sale had been procured through fraud *held* not inadmissible as varying terms of written contract, notwithstanding defendant does not seek rescission for fraud.

4. Fraud ⪴31.

In case of fraud, purchaser may either stand upon bargain and recover damages, or rescind contract, return thing bought, and get back what he paid.

5. Fraud ⪴59(3).

Measure of damages for fraud in sale of machinery is difference between value of property and price paid.

Appeal from Harris County Court; Ben F. Wilson, Judge.

Action by R. A. Griffin against the Shepherd Laundries Company, in which defendant filed a cross-action. From the judgment, defendant appeals. Reversed and remanded.

Kennerly, Williams, Lee & Hill, P. O. Settle, W. H. Blades, and Alan B. Cameron, all of Houston, for appellant.

Ward & Ward, of Houston, for appellee.

GRAVES, J. Appellee sued appellant for a balance due upon notes—secured by chattel mortgage on the machinery—given in part payment on the sale for $2,250 by him to it of a secondhand 125 H. P. boiler and accessories, also asking foreclosure. The transaction was further evidenced by a bill of sale.

Appellant admitted the cause of action to be good, except as defeated in whole or part by the facts alleged in its answer and cross-action.

These averments, in material substance, were that the appellee had at the time, as an inducement to it to make the purchase and with the intent that it should rely and act thereon, represented to appellant that the boiler and all its accessories were in good state of repair, that it was actually worth on the market the $2,250, would yield 25 per cent. more power, and would be that much more efficient than the 80 H. P. boiler the laundries company then had on hand, and that both boiler and all accessories would be delivered immediately; that appellant believed, relied, and acted upon these representations, and solely because of them made the contract of purchase, executed the notes sued on, and paid the cash part of the agreed purchase price; that all of them were untrue; "that the said boiler and its accessories was not in good working order, that it will not give 25 per cent. more steam and horse power and is not 25 per cent. more efficient than the 80 horse power boiler which this defendant has in its plant, but was in fact less efficient than the said 80 H. P. boiler, that it did not give service satisfactory

to this cross-actor, that it leaked, that its four-inch tubes were not in good repair, that six of its three-inch tubes were in a worn-out condition, that the back-fire doors were useless, that the smokestack was absolutely worthless; and this cross-actor further represents that after paying the freight on the said boiler from Houston to Beaumont, in the amount of $278, and having the said boiler installed at a cost of $175, and after having the back-fire doors repaired at a cost of $90, and after having 26 of the four-inch tubes repaired at a cost of $121, and six of the three-inch tubes repaired at a cost of $35, besides the other expenses hereinbefore alleged, and after having put the said boiler in the same condition in which the plaintiff or his agent represented it to be before and at the time it was sold to defendant, that the said boiler has failed to perform the service which the plaintiff or his agent represented and warranted that it would perform, and has failed to give any service and is wholly useless and worthless for this defendant's purpose, and that said boiler, because of its not being able to perform the service which the plaintiff or his agent represented and warranted that it would perform, was worth at least $450 less than this defendant paid therefor."

Elsewhere the total damage claimed was increased up to $834, and it was further charged that some of the accessories never had been shipped or delivered at all.

[1, 2] The two divisions of appellant's pleading are somewhat involved, redundant, and generally uncertain as to amounts of damage intended to be declared upon; but there was no special exception to it on that account, and giving it the benefit of every reasonable intendment, which is the rule in such circumstances (Knoohuizen v. Nicholl, [Tex. Civ. App.] 257 S. W. 973) we think what has been stated may reasonably be said to be its ultimate import. The amount therein sued for by counterclaim, totaling $834, was not therefore beyond the jurisdiction of the court, as the appellee contends.

Appellant offered testimony in support of its allegations thus made, but the court sustained objection that it would vary or modify the terms of the written contract between the parties, consisting of the notes sued upon, the accompanying bill of sale to and mortgage on the machinery, and peremptorily instructed the jury to return a verdict in favor of the appellee. Judgment accordingly was entered for him on its due return.

[3] We think this was error. Its effect was the same as if a general demurrer had been sustained to appellant's pleading, the plain purport of which was to charge that the contract and sale had been procured from it through fraud. The evidence offered had a tendency to support this charge and should have been received, since its objective was an attack upon the validity of the contract by showing fraud in its inception. The rule that parol evidence is inadmissible to vary the terms of a written contract is not applicable to that sort of case, whether or not the instrument itself purports to embrace the entire agreement of the parties and to ban any verbal representations outside its terms. George v. Birchfield (Tex. Civ. App.) 264 S. W. 635; Bankers' Trust Co. v. Calhoun (Tex. Civ. App.) 209 S. W. 829; Machine Co. v. Webb (Tex. Civ. App.) 181 S. W. 856; Graves v. Haynes (Tex. Com. App.) 231 S. W. 385.

[4] It is true there was no prayer here for the setting aside of the contract on account of fraud, accident, or mistake, as the appellee urges, but that was not a prerequisite; no issue of accident or mistake was raised, fraud alone being the basis of the counter-relief sought; but, as recited, it was fully declared upon, as well as reliance on it to appellant's injury, and in both divisions of the pleading the consequent damage—by way of set-off against the balance due on purchase money—was declared to be the difference between the true value of the machinery and the price it had paid. It is immaterial that other nonrecoverable elements may also have been sought. Appellant, having a choice of remedies, was entitled to keep the boiler and get back this difference under the rule thus stated in Riley v. Atmar (Tex. Civ. App.) 213 S. W. at page 683:

[5] "It is oft-repeated and familiar law that in cases of fraud the purchaser has a choice of remedies, either to stand upon the bargain and recover damages, or to rescind the contract, return the thing bought, and get back what he has paid (Blythe v. Speake, 23 Tex. 429; Scalf v. Tompkins, 61 Tex. 476); the measure of damages being the difference between the value of the property and the price paid (Davenport v. Anderson [Tex. Civ. App.] 28 S. W. 922; Farmer v. Randel [Tex. Civ. App.] 28 S. W. 384; Greenwood v. Pierce, 58 Tex. 130)." See, also, Paschen v. Lovett (Tex. Com. App.) 255 S. W. 385.

Pursuant to these conclusions, the judgment has been reversed and the cause remanded for new trial.

Reversed and remanded.