## BELL v. NATIONAL BANK OF COMMERCE OF SAN ANTONIO.

### No. 9955.

Court of Civil Appeals of Texas. San Antonio.

Feb. 3, 1937.

Rehearing Denied March 3, 1937.

H. S. Bonham, J. A. Wood, M. W. Pitts, Jr., all of Corpus Christi, and G. D. Edgar, of Beeville, for appellant.

Ball, Seeligson & Trueheart, of San Antonio, and Beasley & Beasley, of Beeville, for appellee.

MURRAY, Justice.

This is an appeal by W. A. Bell, as administrator of the estate of L. W. Bell, deceased, from an order of the district court of Bee county ordering the sale of a tract of 1,073.34 acres of land situated in Bee county, belonging to the estate, to satisfy a claim secured by a vendor's lien on the land and alleged to be held by National Bank of Commerce of San Antonio.

On December 6, 1930, John W. Spencer presented his claim on certain vendor's lien notes to W. A. Bell, as such administrator, and it was approved by him on that date. On February 21, 1930, and prior to such presentment, Spencer executed a written instrument transferring these notes to the National Bank of Commerce, which was in, form an unrestricted transfer of the notes, but contended by the bank to be only intended as placing the notes with the bank as collateral security for a large indebtedness owed to the bank by Spencer. The probate court approved Spencer's claim on December 4, 1931.

On June 28, 1933, the bank filed its application for an order of sale of the property to satisfy its debt.

On September, 1933, a hearing was had upon the application, the court finding, among other things, "That National Bank of Commerce of San Antonio, Texas, is the legal owner and holder of the claim and the lien securing its payment," and directed that the administrator sell the land. This order has never been appealed from or set aside. However, the administrator failed, neglected, or refused to advertise and sell the property.

On April 25, 1935, the bank filed another application to have the land sold, and upon a hearing this application was also granted by the probate court on November 9, 1935, and fixed the amount then due on the claim, including interest at the sum of $15,525.25, and appeal from this order was taken to the district court of Bee county, and upon a trial de novo in that court the bank's application was granted and the administrator ordered to advertise and sell the land. From the judgment of the district court the administrator has prosecuted this appeal.

■ Appellant's first proposition presents the contention that Spencer was not the owner of the notes at the time he presented his claim and that his affidavit to the same was defective in that it did not contain an allegation that he was cognizant of the facts contained in the affidavit, as required by article 3514, R.C.S.1925, where the affidavit is made by one who is not the owner of the claim.

This claim had been presented to the administrator, allowed by him, and approved by an order of the probate court. Such order of the probate court has the effect of a final judgment and cannot be collaterally attacked. The attack here made on the order is a collateral attack and was properly overruled by the court. Article 3525, R.C.S.1925; Denton v. Meador (Tex.Civ. App.) 268 S.W. 742; Hannon v. Henson (Tex.Com.App.) 15 S.W.(2d) 579; Cannon v. McDaniel, 46 Tex. 303; Moore v. Hillebrant, 14 Tex. 312, 65 Am.Dec. 118; Bowles v. Bell (Tex.Com.App.) 270 S.W. 1013.

The judgment of the probate court not being subject to a collateral attack, appellant's second proposition will also be overruled.

By his third proposition appellant contends that the record does not show that Spencer had ever transferred his claim to the bank, and that therefore the bank had no right to apply for an order for the sale of the land.

The probate court found upon the first application for the sale of the land that the National Bank of Commerce, appellee herein, was the owner of the Spencer claim. This judgment has never been appealed from or otherwise set aside. It stands as a final adjudication of this question, and appellant is concluded thereby and will not be here heard to question the bank's ownership of the Spencer claim. Reeves v. Fuqua (Tex.Civ.App.) 277 S.W. 418; Hirshfeld v. Brown (Tex.Civ.App.) 30 S.W. 962.

Accordingly, the judgment will be in all things affirmed.