## ROBINSON et al. v. SNYDER NAT. BANK et al.

### No. 2413.

Court of Civil Appeals of Texas. Eastland.

Oct. 22, 1943.

Rehearing Denied Dec. 3, 1943.

E. T. Brooks, of Abilene, for appellants.

H. J. Brice, of Snyder, and Mays & Perkins, of Sweetwater, for appellees.

GRISSOM, Justice.

Pearl Robinson and others filed this suit in the District Court of Scurry County against Snyder National Bank of Snyder, Texas, and Tom Wolf, administrator of the estate of O. P. Wolf, deceased. Plaintiffs sought (1) to cancel a judgment of the probate court of Scurry County approving a claim of said bank against said estate, and (2) (in the alternative) to remove a cloud alleged to have been cast upon their title to a tract of land, claimed by plaintiffs to have been deceased's homestead and to have descended to them, as devisees of O. P. Wolf, free of all claims of his creditors. The court sustained the bank's plea to the jurisdiction of the district court and dismissed the suit. Plaintiffs have appealed.

Plaintiffs alleged that O. P. Wolf died in 1927; that Mary Wolf, his wife, filed an application to probate his will and be appointed administratrix; that she was appointed and qualified; that Mary Wolf, administratrix, filed an inventory and appraisement and list of claims of the estate; that the bank's debt was not listed; that Mary Wolf continued as administratrix until her death in February, 1937; that in 1937 Tom Wolf was appointed administrator de bonis non; that he filed an inventory and appraisement; that he did not list the bank's debt as a debt of the estate; that plaintiffs found no other action of "appraisers" until shortly before this suit was filed; that although diligent search was made, "all the papers" could not be found, and that they found no record of the bank's claim until thirty days before filing this suit, when they found a "purported" claim of the bank on the claim docket of the probate court; that said claim "appeared to have been recently entered". That soon thereafter the "papers were brought back and delivered to the clerk"; that among these papers was a claim against the estate of O. P. Wolf, deceased, which stated that O. P. Wolf was indebted to the bank on two notes dated February 4, 1933, executed by Mary Wolf, as administratrix and individually. That the claim was sworn to and showed to have been presented to Tom Wolf, administrator, on the 15th day of October, 1937, and on that day allowed by him to the extent of the principal of said notes. The order approving the claim was alleged by plaintiffs to be as follows:

"This claim, having been allowed by Tom Wolfe, Administrator de bonis non with will annexed of the estate of O. P. Wolfe, deceased, and duly presented to the clerk and entered upon the claim docket of this court for a period of ten full days, and having been by me examined and found to be correct, is hereby approved this the 26th day of October, 1937, as a fifth class claim.

"H. J. Brice, Judge

"County Court of Scurry County, Texas.
"Filed—Date 10-15-37
Chas. J. Oewis
County Clerk Scurry County Texas
by Eda McFarland, Deputy"

Plaintiffs further alleged that, although they had previously searched the inventory and appraisement made by Mary Wolf and had investigated the filing of the inventory and appraisement and list of claims by Tom Wolf, they had discovered no claim by the bank until a short time before filing this suit; that if they had known of such claim they would have brought suit "in the District Court" to annul said claim because, when it was allowed by Tom Wolf, administrator, it was not a valid claim, but was barred by the two and four year statutes of limitation. Plaintiffs alleged that the bank's claim was not valid, (a) because it does not purport to be based on an instrument executed by O. P. Wolf, or by his authority; (b) because it shows to have been executed by Mary Wolf, "who had not prior thereto obtained authority from the Probate Court * * * to execute such claim for and on behalf of such estate"; (c) because "no authority has been shown", by the bank, authorizing Mary Wolf to execute the note, prior to the time it was barred by limitation; that if it was ever a debt of O. P. Wolf, that at the time it was "filed and approved and entered in the Probate records" it was barred by the two-year statute of limitation; that the application and claim and the approval thereof show that more than two years had elapsed after the death of O. P. Wolf before the claim was approved and filed with the County Clerk and before the judgment was entered on said claim; that a period of more than 8 years had elapsed after the qualification of Mary Wolf as administratrix; that the claim was, therefore, barred by limitation; "that there exists no fact or facts which would suspend the bar of limitation * * *." Plaintiffs further

alleged that the presentation of the claim by the bank to Tom Wolf, administrator, the approval by the administrator and "causing same to be approved" by the county judge "was a fraud upon the estate and the rights of plaintiffs herein, who are devisees under the will of said O. P. Wolf, deceased". Plaintiffs alleged that said fraud "was brought about either by accident, mistake or oversight or with intent on the part of claimant * * * to renew and extend said debt * * * without authority of law and with full knowledge of the fact that there was no valid claim then existing * * * but said claim was at said time barred * * *." Plaintiffs alleged that they and defendant Tom Wolf were interested in the estate and at the death of O. P. Wolf owned an interest in real estate described in the petition. That the filing of the claim in the probate minutes cast a cloud upon their right and title to and interest in said land; that under the terms of the will of O. P. Wolf, deceased, plaintiffs and the defendant Tom Wolf acquired said land as devisees. Plaintiffs alleged further that said claim and the approval thereof by the court were not kept in the county clerk's office, where they were supposed to be kept in order to put persons interested in said estate upon notice of the filing and approval thereof. In the alternative, plaintiffs alleged that in the event the court found the judgment was valid, that the land described was, at the death of O. P. Wolf, his homestead upon which he resided; that the claim of the bank was not a lien thereon; that the property was acquired by the plaintiffs free of all liens and encumbrances; that the property is now the homestead of the plaintiffs; that the claim, its allowance by the administrator, approval by the court and the record thereof in the probate minutes of Scurry County constitute a cloud upon plaintiffs' title and an apparent lien against said homestead.

Plaintiffs prayed (1) for a judgment cancelling the judgment of the probate court and (2) (in the event the District Court found the County Court's judgment was valid), that it be "cancelled", insofar as it purports to be a valid claim against the homestead, and that any cloud cast upon their title to said homestead be removed.

 Plaintiffs assert first, that the court erred in sustaining the plea to the jurisdiction because they alleged a cause of action which would, if supported by proof, have authorized the district court to cancel the judgment of the probate court. An original action cannot be maintained in the District Court to cancel a judgment of the probate court approving a claim against an estate unless the judgment is wholly void. Jones v. Wynne, 133 Tex. 436, 446, 129 S.W.2d 279. The action of the probate court approving the claim is a final judgment from which any person interested in the estate had the right to appeal to the district court. Article 3525. It is immaterial that it may appear that the approval was erroneous. The question is, Did the probate court have power to render the judgment? Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66. The contention is definitely answered by the Supreme Court in Dallas Joint Stock Land Bank of Dallas v. Forsyth, 130 Tex. 563, 571, 109 S.W.2d 1046, 1050, 112 S.W.2d 173, as follows: " * * * a contingency could have existed that would have made the claim a valid one, * * *. The claim therefore being one that could have been supported by proof that made it valid, what right has a district court to go back of the judgment and again litigate what is conclusively presumed to have been settled, and which we hold was settled by the orders of the probate court * * *. At most the defense as presented here under this record relates to questions that should be raised either in a direct proceeding provided for in such cases by statute, or in a suit by the ward against his guardian. They are denominated 'fraud,' but amount only to a collateral attack on the judgments of a probate court * * *."

 It is true that plaintiffs alleged that the probate judgment was procured by fraud. Facts showing fraud by the bank are not alleged. They alleged in substance that the claims and the order approving it and the papers in the case were taken out of the clerk's office; that they did not find any record of the proceeding until shortly before this suit was filed. They do not allege that the bank caused said things to be done, and they nowhere directly allege that there was no judgment approving the claim entered of record until shortly before the trial, or, if so, that such failure to properly and promptly enter the judgment was attributable to the bank. Plaintiffs allege that the claim they found among the papers in the case does not purport to be based on an instrument executed by O. P. Wolf, deceased. The pre-

sumption is that the debt of the deceased had been renewed from time to time, and that the renewal was duly authorized. The main contentions made by plaintiffs, in support of their conclusion that the judgment is void, are (1) that the notes were executed by Mary Wolf, as administratrix and individually without their execution being authorized by the probate court, and (2), that the debt was barred by limitation. The quotations from the Forsyth case, supra, answers these contentions. Such allegations do not show a void judgment. Jones, Adm'r, v. Gibbs, 133 Tex. 627, 130 S.W.2d 265, 131 S.W.2d 957; 14 Tex.Jur. 80, 88. The probate court had the right and the power to decide those questions and, presumably, did so. The order approving the claim was a final judgment "and embraced within its terms, not only the questions of the integrity and validity of the notes, but of their subsistence, as unbarred debts at the time of the approval and allowance of the claim, and the plea of limitation [asserted by plaintiffs] was not available in this action". Gregory v. Ward, 118 Tex. 526, 18 S.W.2d 1049, 1051.

■ The District Court did not have jurisdiction of the cause of action asserted in the first count of plaintiffs' petition. Jones v. Sun Oil Co., 137 Tex. 353, 153 S.W.2d 571; Dunaway v. Easter, 133 Tex. 309, 129 S.W.2d 286; Heavey v. Castles, Tex.Civ. App., 12 S.W.2d 615, 617, writ refused; Bell v. National Bank of Commerce, Tex. Civ.App., 102 S.W.2d 247, 248, writ refused; Bohlssen v. Bohlssen, Tex.Civ.App., 56 S.W.2d 913, 916; Price v. Smith, Tex. Civ.App., 109 S.W.2d 1144, 1148; Fortson v. Alford, 62 Tex. 576; Morse v. Morse, Tex.Civ.App., 162 S.W.2d 1023; Norton v. Cheney, 138 Tex. 622, 624, 161 S.W.2d 73; Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932.

■ We shall now consider whether plaintiffs in their alternative or second count, wherein they seek a judgment removing the cloud cast upon their title to the homestead, state, or rather can state, in consonance with the facts alleged, a cause of action within the jurisdiction of the district court. Plaintiffs' petition shows that the land in question was owned and occupied by O. P. Wolf as his homestead at the time of his death. That he was survived by a constituent member of his family, his wife. That plaintiffs acquired this land as their father's devisees. That there is an apparent lien on the land and

a cloud cast on plaintiffs' title. See Texas R.C.P. 45. It has been definitely determined that "upon the death of an owner using and occupying property as a homestead, when there remains a constituent member of the family (wife, husband, minor child, or unmarried daughter), the title passes to all of the heirs and is subject only to the right of use by those entitled to occupy it as a homestead; the estate thus taken by the heirs to the property is unburdened by the claims of creditors of the community estate." Milner v. McDaniel, 120 Tex. 160, 36 S.W.2d 992, 993. Upon the death of O. P. Wolf, leaving a surviving wife, his heirs or devisees took his homestead freed from all of his debts except for the purchase price, taxes and improvements. The death of Mrs. Wolf, or others who had a right to occupy the homestead, did not give the general creditors any right to subject the homestead to payment of their debts. Cameron v. Morris, 83 Tex. 14, 18 S.W. 422; Lacy v. Lockett, 82 Tex. 190, 17 S.W. 916; Aman v. Cox, Tex.Civ.App., 164 S.W.2d 744, 748; 22 Tex.Jur. 326, 332.

■ The cause of action attempted to be asserted in the second count is not an attack on the validity of the judgment of the probate court. It assumes the validity of that judgment. The contention under the second count is that although the bank has a valid judgment against the estate, it cannot affect plaintiffs' title or interest in the land because the land was the homestead of O. P. Wolf, who left a surviving constituent member of his family, and that, therefore, it descended to the plaintiffs free of any debt of O. P. Wolf. 22 Tex.Jur. 334. It is, therefore, plainly not an attack upon the county court judgment. Johnston v. Stephens, 121 Tex. 374, 388, 49 S.W.2d 431. This record does not indicate that the homestead question was ever an issue in the probate court. Said issue and the further questions as to whether there is a cloud cast on plaintiffs' title, and, if so, whether it should be removed, are issues that may be litigated in the District Court. Cline v. Niblo, 117 Tex. 474, 487, 8 S.W.2d 633, 66 A.L.R. 916.

The question we are now deciding is not whether plaintiffs, in their second or alternative count, allege a cause of action which heretofore might have been good against a general demurrer or may now be sustained as against exceptions. The question is whether the cause of action attempted to be

486

asserted is one within the jurisdiction of the District Court. Jurisdiction—not sufficiency of pleading, is the issue. After most careful consideration we have concluded that the district court does have jurisdiction of the second count. In Gulf, T. & W. Ry. Co. v. Lunn, Tex.Civ.App., 141 S.W. 538, 541, Judge Hodges said: "Jurisdiction of the subject-matter is the power to hear and determine cases of the general class to which the proceedings in question belong. 11 Cyc. 669; 17 A. & E. Ency. (2d Ed.) 1060; Freeman on Judgments, § 135; 1 Black on Judgments, § 241; State v. Neville, 110 Mo. 345, 19 S.W. 491; Caruthers v. Harnett, 67 Tex. 127, 2 S.W. 523. Black, in the section referred to above, says: 'Indeed it would be impossible upon any rational theory to make the jurisdiction depend upon the validity of the case stated by the plaintiff.' "

"Jurisdiction is the power of the court to hear and determine the subject-matter in controversy between parties to a suit—to adjudicate, or exercise any judicial power over them." Farmers' National Bank v. Daggett, Tex.Com.App., 2 S.W.2d 834, 839.

In Pecos, etc., Ry. Co. v. Rayzor, 106 Tex. 544, 548, 172 S.W. 1103, 1105, Judge Phillips said: "Where the essential jurisdictional facts are alleged, before a litigant is, upon this ground, deprived of the right to be heard in the court of his selection, it is but a reasonable requirement that, in an allegation of his petition relied upon by his adversary to defeat the very jurisdiction he is invoking, it shall appear, not doubtfully, but plainly, that the jurisdiction of the court is negatived. In any doubtful case all intendments of the plaintiff's pleading will be in favor of the jurisdiction." See Merchants', Reciprocal Underwriters v. First National Bank, Tex. Civ.App., 192 S.W. 1098, 1101; Shepherd Laundries Co. v. Griffin, Tex.Civ.App., 285 S.W. 683, 684; Knoohuizen v. Nicholl, Tex. Civ.App., 257 S.W. 972, 973, 974; Barnett v. Eureka Paving Co., Tex.Com.App., 234 S.W. 1081.

Plaintiffs' pleadings plainly do not negative the existence of a cause of action to remove, or prevent, a cloud on their title to the homestead. To hold otherwise than we are holding would endanger the rights of the plaintiffs to pleas of res adjudicata and estoppel, without affording plaintiffs the opportunity to amend, in response to exceptions, and allege facts showing a valid cause of action. See Landa v. Isern,

Tex.Sup., 174 S.W.2d 310. It is not necessary to determine whether allegations of conclusions in plaintiffs' petition to the effect that the bank holds an apparent lien on the homestead and that a cloud has been cast on their title, under R.C.P. 45, is sufficient in the absence of exception thereto. It is clear that there is nothing in the petition that would prohibit the allegation of facts relative to an apparent lien in addition to the mere allegation of the existence of a judgment against the estate, through which estate plaintiffs have derived title to the land. To say the least, in the language of Judge Phillips, this is a doubtful case where "all intendments of the plaintiff's pleading will be in favor of the jurisdiction." "Jurisdiction does not relate to the right of the parties as between each other, but to the power of the court." 14 Am.Jur. 364. " * * * Jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter in a given case." 14 Am.Jur. 363. See, also, First National Bank v. Moore, Tex. Civ.App., 7 S.W.2d 145; Pierce v. Jones, Tex.Civ.App., 193 S.W. 1137; Gober v. Smith, Tex.Civ.App., 36 S.W. 910; Day Land & Cattle Co. v. State, 68 Tex. 526, 4 S.W. 865; 34 Tex.Jur. 828; 15 Tex.Jur. 196.

We, therefore, conclude that the court erred in sustaining the plea to the jurisdiction and dismissing the case. The judgment is reversed and the cause remanded.

FUNDERBURK, Justice (dissenting).

I concur in the view that the primary claim constitutes a cause of action of which the District Court has no jurisdiction, and that, so far as it alone is involved, the court properly sustained defendants' plea to the jurisdiction. But in my opinion, the alternative claim does not appear to be a cause of action of which the District Court does have jurisdiction. If it does not so appear, then it cannot be said that as to such cause of action the court erred in sustaining the plea to the jurisdiction and dismissing the suit.

It may be granted that a mere failure of plaintiffs' petition to allege a cause of action does not conclude a question of jurisdiction. However, Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, and other cases dealing with questions of pleas of privilege, logically refute even that proposition. If the place of the commission of a crime cannot be shown, as in effect held in said decisions, without showing that a

crime was in fact committed, how can it affirmatively appear that a cause of action attempted to be alleged is within the jurisdiction of the court, when the allegations show no cause of action? All that the proponent of the motion to dismiss for want of jurisdiction was required to show was that it did not affirmatively appear that the court had jurisdiction.

Of course, a district court has jurisdiction of a suit asserting a cause of action to remove a cloud on title to land. The question here involves a little more than that. Does it have jurisdiction to set aside, or to alter, limit or modify a judgment of a county court, not void on its face, and, therefore, presumably valid, merely by calling it, or some fancied effect of it, a cloud on title and praying its removal?

Necessary to the existence of a cause of action to remove a cloud from title is a cloud on title. "A cloud on title has been defined as a *semblance of title,* either legal or equitable, or a claim of a right in land *appearing in some legal form,* but which is, in fact, *invalid* or which it would be inequitable to enforce." (Italics ours.) 34 Tex.Jur. 818, sec. 6. As said by Corpus Juris, "A cloud such as equity will undertake to remove is a *semblance of title,* either legal or equitable, or a claim of an interest in lands *appearing in some legal form,* but which, in fact, is *unfounded* and which it would be inequitable to enforce." (Italics ours.) 51 C.J. 141, sec. 23. The same authority then goes on to say: "It is something which constitutes an *apparent encumbrance* upon the title, or an *apparent defect* in it; something that shows prima facie some right of a third party, either to the whole or some interest in the title. Some color of title in defendant must be shown in order to constitute a cloud and if the alleged cloud has not even the *appearance of validity* there is no ground for invoking the aid of equity to remove it." (Italics ours.) Id.

These definitions necessarily exclude mere apprehension or groundless fears of adverse claims, as also mere verbal assertions of adverse claims. As said in the text of Texas Jurisprudence, "mere apprehension and groundless fears are not enough to sanction an action of this character." 34 Tex.Jur. 817, sec. 4. And further: "Mere verbal assertion of ownership does not constitute a cloud; there must be some deed or other writing which casts doubt upon the validity of the record title." 34 Tex.Jur. page 818, sec. 6. Walker v. Haley, Tex.Civ.App., 236 S.W. 544; Newman v. Newman, Tex.Civ.App., 86 S. W. 635. The general rule as stated by Corpus Juris is as follows: "Except where the statute [some statute] has enlarged the jurisdiction of equity so as to authorize actions to quiet title against persons asserting *any* adverse claim, a mere verbal claim or assertion of ownership in realty does not constitute cloud on title." (Italics ours.) 51 C.J. 150, sec. 23; Newman v. Newman, supra.

These definitions and specification of exclusions therefrom are mentioned in order to emphasize and show the truth and logic of this proposition, namely, that in a suit to remove a cloud from title, "Plaintiff must in the first instance show the assertion of adverse claim by a defendant and prove his allegations that such claim is invalid and a cloud on title." 51 C.J. 248, sec. 226; Walker v. Haley, Tex.Civ.App., 236 S.W. 544. It is, of course, unnecessary to say that, plaintiffs' petition must allege (describe sufficiently to identify) the cloud sought to be removed.

What was the cloud alleged in the instant case? There can, it seems to me, be no difference of opinion upon that question; it was the judgment of the county court approving defendants' claim upon an unsecured money demand against the estate being administered. We have held that that judgment is not void on its face, if void at all, and hence, that the District Court has no jurisdiction in the first instance to adjudicate the question of its asserted invalidity. But that judgment is the only cloud of title asserted in plaintiffs' alternative claim. True, that claim purports to be asserted only upon the assumption, as an alternative, that the judgment is not void, but valid. Even so, *the judgment is the only cloud alleged.* The allegation is "That the asserted claim of the defendant, Snyder National Bank, and the allowance thereof by the administrator aforesaid, and approval thereof by the administrator aforesaid, *as well as the County Judge approving the same* and the filing thereof among the probate records of the County Court of Scurry County, Texas, constitutes cloud," etc. (Italics ours.) Needless to say, the matters alleged as preliminary to "the County Judge approving the same", as well as the subsequent filing of such judgment, are all, as a matter of

law, mere incidents of, and comprehended in, the judgment of approval, which as to subject matter was fully coextensive with the claim. As a matter of law, the alleged cloud does not constitute a cloud, but that alone, it is assumed, would not be determinative of the question of jurisdiction, but only of the sufficiency of the pleading to state a cause of action. But the trial court, as this court has done, has determined that it was without jurisdiction to declare void the judgment approving the claim. Then as to the alternative claim it was apparent that notwithstanding the purported assumption of the validity of the judgment of approval, such judgment nevertheless was the only cloud on title asserted. Plaintiffs' prayer was that "in the event the Court should find that said judgment [approving defendants' claim] is a valid judgment, that the Court *cancel and annul and set aside* said judgment, *insofar as it purports to be a claim against their homestead.*" (Italics ours.) Of course the District Court had no more jurisdiction to limit or qualify the judgment of the County Court than it had to adjudicate its entire invalidity. It seems to me that the honorable trial judge was warranted in concluding that the alternative claim was merely the hair on the primary claim as the hide and was unable to see, as I find myself unable to see, how he could get rid of the hide without letting the hair go with it.

But even if the action of the court as relating to the alternative claim should, in strictness, be considered as involving only a question of the sufficiency of plaintiffs' petition to state a cause of action for the removal of a cloud on title, and not a question of the court's jurisdiction, still I think the judgment of dismissal should be affirmed. The cause of action attempted to be alleged was grounded upon an assumption that the judgment of the County Court approving a simple unsecured claim upon a money demand constituted an apparent lien in favor of the claimant, as a creditor of the estate upon property which constituted the homestead of deceased at the time of his death and who left surviving constituents of the family. As a matter of law such an assumption was not warranted. If so, every judgment awarding recovery upon a simple money demand casts a cloud upon any homestead owned by the defendant. Would anyone contend that in such a case the debtor, while acknowledging the validity of the judgment, could maintain an action to have such judgment adjudicated as a cloud on title and removed? Surely, it seems to me, in the light of the foregoing definitions there can be but one answer to that question. It is apparent that allegations of the alternative claim do not merely fail to show a cause of action which may exist. They show that upon the transaction alleged no cause of action can exist, and, therefore, that none could be alleged. In such situation the proper judgment is the judgment of dismissal rendered. Hence, I think, at all events, the action of the court, if error at all, was harmless.