# OCTOBER 20, 1937

EX PARTE H. T. CRAGG, MALLIE BROWNFIELD, P. R. FENNER, AND MORGAN MILLER.

No. 19260.   Delivered October 20, 1937.

The opinion states the case.

*Carter & Stiernberg,* of Harlingen, and *S. L. Gill,* of Raymondville, for relators.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an original proceeding for a writ of habeas corpus, by which relators, who were adjudged in contempt of the County Court of Willacy County by the judge thereof, seek to be relieved from the punishment assessed against each of them by said court. For a better understanding of the disposition which we make of this case, we deem it necessary to set out the substance of the facts established at the hearing. H. T. Cragg was and is, the Sheriff of Willacy County; Brownfield, the jailer; Fenner, a Texas Ranger, and Miller, a game warden.

On the morning of the 10th day of July, 1937, Fenner and Miller arrested one, La Madrid, and placed him in the county jail for the offense of unlawfully carrying a pistol. A. B. Crane, a practicing attorney, who saw La Madrid under arrest and offered to make bond for him, was not only denied that privilege, but was assaulted by Miller for offering to do so. After Madrid was placed in jail, Mr. Crane went to the jail and asked to be permitted to confer with the prisoner, but this privilege was denied by Brownfield, the jailer. Thereupon, Mr. Crane on behalf of the prisoner, applied to Hon. W. E. McCharen, Judge of the County Court of said county, for a writ of habeas corpus which was granted. Relators were ordered to have and produce the person of La Madrid before the court and show cause why they held and restrained him of his liberty. The writ was issued at 10:45 A. M. on said day and was served upon Brownfield, the jailer, at 11 A. M., but was not served upon any of the other officers. The prisoner was not produced at the stated time, but was carried to Brownsville in Cameron County, by Fenner and Miller and there placed in jail. Thereupon A. B. Crane, by duly verified motion setting forth the facts which constituted contempt of court, requested the court to cite said officers to appear and show cause why they should not be held in contempt.

If any of the officers are guilty of contempt, it is constructive contempt. They would not be guilty of constructive contempt unless they had been duly served with process, or knowing that the writ of habeas corpus had issued, they intentionally spirited the prisoner from the jurisdiction of the court to evade service of process upon them, and by said act interfered with the orderly administration of the law. The writ not having been served, the question of contempt for disobeying the writ passes out of the case. Consequently, we have but one question left upon which the officers might be held to be in contempt—namely: Knowing that the writ of habeas corpus had issued, they purposely left the county to evade service thereof.

Cragg, the Sheriff, had no connection with the arrest and confinement of La Madrid, the prisoner. So far as the testimony shows, he did not even know that La Madrid was under arrest or confined in jail at any time before he was removed from Willacy County by Fenner and Miller. Therefore, the evidence fails to show that he did anything which constituted contempt.

Brownfield, the jailer, did not evade service of the writ, nor

is there any testimony to show that he knew the writ had issued at the time the prisoner was taken from jail by Fenner and Miller or the purpose for which he was taken. Therefore, it can not be said that he did anything which constituted contempt of court.

There is no direct and positive testimony that Fenner and Miller, or either of them, knew that the writ of habeas corpus had been issued, and that they purposely removed the prisoner from the jurisdiction of the court to evade service of the writ and thereby interfere with the speedy adjudication of the matter pending before said court. There are, however, circumstances proved which raise a suspicion that Fenner and Miller had obtained knowledge that the writ had issued. This, however, is not sufficient to authorize their conviction of contempt. The testimony must do more than raise a mere suspicion of disobedience of process, or of interference with the due and speedy administration of justice. The evidence must show their guilt beyond a reasonable doubt. In Texas Corpus Juris it is said:

"Contempt proceedings are commonly regarded as criminal in their nature even when arising in civil actions—the offense is against the administration of justice and against society; and hence it implies criminality."

On this theory, the proceedings should conform as nearly as possible to proceedings in criminal cases. See also Vol. 3, p. 470, Encyclopedia of Evidence.

In the case of Ex parte Landry, 65 Texas Crim. Rep., 440, 144 S. W., 962, this court, speaking through Judge Davidson, said:

"It may now be said to be the settled law, that the rules of evidence applicable to the proceedings to punish for contempt, are also those of criminal law, mere preponderance of the evidence being insufficient to convict the accused; * * * proof of the alleged offense is required beyond a reasonable doubt."

It is our opinion that the testimony in this case fails to meet the measure of the law.

It is therefore ordered that relators be discharged.

*Relators discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.