Ex parte J. T. CONWAY et al.

Nos. B–163 and B–193.

Supreme Court of Texas.

Oct. 25, 1967.

Chester A. Oehler, Dallas, Robert Landis Armstrong, Austin, for relators.

Gerald E. Stockard, Denton, for respondent.

POPE, Justice.

Relators are before this court on two applications for writs of habeas corpus after the judge of the 16th District Court of Denton County adjudged them in contempt for their disobedience of the court's restraining order and also the court's temporary injunction. In our opinion both orders of contempt are void and relators should be discharged from the custody of the Denton County sheriff.

These proceedings arose out of a civil action that relators J. T. and J. B. Conway filed against T. W. Irick and wife for the determination of rights in a thirty-foot strip of land. The trial judge on January 26, 1967 issued a restraining order which restrained the Conways and their representatives from entering upon the disputed tract. The order was issued without notice and stated that it was "operative until and pending the hearing below ordered." The order then set the hearing for ten o'clock on the morning of February 2. On that date the hearing began, but was recessed until February 3. The hearing was again recessed from February 3 to February 9. On February 7, the Conways and Chester Oehler, their attorney, went onto the disputed strip in the company of the County Surveyor in search of boundary markers

and lines. On February 16 the trial judge ordered the Conways and Oehler to appear and show cause why they should not be adjudged in contempt for entering upon the land on February 7 in violation of the restraining order. Upon the contempt hearing, the judge found all three relators in contempt and ordered each to pay a fine of $100.00 and serve thirty hours in the Denton County jail.

Relators say that the contempt order is void because the January 26 restraining order expired at the end of ten days, and there was no order which operated as an extension of the restraint beyond that time. We sustain relators' contentions. Rule 680, Texas Rules of Civil Procedure, authorizes the issuance of a restraining order without notice but limits the duration of such an order to ten days. Such an order "shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record * * * and shall expire by its terms within such time after entry, not to exceed ten days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period * * *."

The order of the trial court which adjudged relators in contempt recited that the restraining order issued on January 26 was extended by an order on February 2 and was again extended by an order on February 3. Neither order can be the basis for the adjudication of contempt. The order of February 2 was not reduced to writing or signed by the judge until April 6, at which time it was ordered entered nunc pro tunc. An order that is neither written nor entered of record until two months after its terms are violated and almost one month after the contempt hearing on March 9, is not in compliance with the requirement that the order be filed forthwith in the clerk's office and entered of record.

The same is true of the extension order of February 3. Relators went to the clerk's office on February 7 and made a search of the records for any extension orders or any record of such orders. At that time there was no extension order in the court papers, and it was not until some time after February 23 that the February 3rd order appeared in the minutes. For sixteen days after the claimed violation of the court's restraint, there was nothing in the clerk's office which evidenced the extension order of February 3.

Rule 680, by its requirement that written orders must be filed forthwith, is designed to avoid this precise situation. The rule authorizes the drastic remedy of a restraining order which may be issued without notice. The same rule, however, affords protection for those against whom such orders operate. Notice or knowledge of the order which one is charged with violating is a jurisdictional prerequisite to the validity of a contempt order. In discharging a relator in Ex parte Stone, 72 S.W. 1000 (Tex.Cr.App., 1903) the court held: " * * * In a matter of this sort, we must be governed by the record as it is presented to us; and unless the jurisdictional fact of notice to the relator is made to appear, the court below had no power to treat his disobedience of the writ of injunction as a matter of contempt. * * *." See also Ex parte Slavin, 412 S.W.2d 43 (Tex. 1967); Deramus v. Thornton, 160 Tex. 494, 333 S.W.2d 824 (1960); Ex parte Cragg, 133 Tex.Cr. 118, 109 S.W.2d 479 (1937); 17 C.J.S. Contempt § 18.

After several hearings the trial judge on February 23 entered a temporary injunction which, among other orders, commanded J. T. and J. B. Conway to make certain road repairs to the disputed strip of land. On March 23 the court, after a hearing, again found the Conways in contempt and ordered that they be committed to jail until they purged themselves of the contempt. The court also lacked jurisdiction to enforce its February 23 temporary injunction, because relators had previously on March 9 already perfected an appeal from

the injunction. This court held in Ex parte Travis, 123 Tex. 480, 73 S.W.2d 487:

"After the jurisdiction of the Appellate Court attached, it alone was clothed with the power to adjudicate the validity or invalidity of the temporary injunction and to exercise the discretion involved in compelling obedience to the injunction pending the appeal, as well as to enforce its own final judgment, unless or until such judgment was subjected to review by a higher court. The district court could exercise no such authority while power to consider and determine these very matters lay exclusively in a higher court. Churchill v. Martin, 65 Tex. 367, 369; Wells v. Littlefield, 62 Tex. 30; Ford v. State (Tex.Civ.App.) 209 S.W. 490, 491; Hurley v. Buchanan (Tex.Civ.App.) 233 S.W. 590, 594(4)."

We accordingly hold that both of the orders for contempt are void and we order the Sheriff of Denton County to release the relators from custody.