SABINE AREA BUILDING TRADES
COUNCIL, AFL–CIO, et al.,
Appellants,

v.

TEMPLE ASSOCIATES, INC., et al.,
Appellees.

No. 7260.

Court of Civil Appeals of Texas,
Beaumont.

May 27, 1971.

Stephenson & Thompson, Orange, for appellants.

Renfrow, Zeleskey, Cornelius, Rogers & Berry, Lufkin, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Whitworth & Whitworth, Jasper, for appellees.

PER CURIAM.

The appeal is from an order granting a temporary injunction after a hearing. The plaintiffs, Temple Associates, Inc., and two other corporations, brought suit alleging that they were engaged in the construction of a plywood plant or mill for Owens-Illinois, Inc., in Jasper County, and had entered into contracts with numerous individuals to perform work and labor thereon. Plaintiffs had an allegation that "on or about December 1, 1970, peaceful picketing was commenced at the entrances" to the job site. This was followed, however, by other allegations wherein plaintiffs made it clear that from their standpoint, the picketing did not continue to be "peaceable."

The several defendants duly answered in the cause and after a lengthy hearing at which the court heard many witnesses, a temporary injunction was issued against all of the named defendants. Insofar as is material to this appeal, the defendants were enjoined and restrained:

" (a) From engaging in mass picketing or any form of mass picketing in which there are more than two (2) pickets at any time within either fifty (50) feet of any entrance to said Construction Site or within fifty (50) feet of any other picket or pickets or in which said picket or pickets constitute or form any character of obstacle to the free ingress to and egress from the entrance to said Construction Site, either by obstructing said

free ingress or egress by their persons or by the placing of vehicles or other physical obstructions thereat."

Defendants have appealed assigning three points of error, the first of which was abandoned upon oral submission of the cause. The defendants do not challenge the sufficiency of the evidence to support the order granting the temporary injunction nor the reasons for its issuance. We will, therefore, confine our discussion to the points which are raised by the defendants and remain in the case.

Defendants' second point reads:

"The Court's action in enjoining the assembling of more than two people is improper in that it abridges the rights guaranteed by the First Amendment to the Constitution of the United States."

█ Even a cursory reading of the provisions of the order granting the temporary injunction quoted above makes it apparent that the trial court formulated the order by combining subdivisions 1 and 2 of § 1, Article 5154d, Vernon's Ann.Civ.St. The arguments advanced by defendants on appeal are those which were rejected by the court in Geissler v. Coussoulis, 424 S. W.2d 709 (Tex.Civ.App.—San Antonio, 1967, error ref. n. r. e.), and defendants have made no effort to distinguish our case from *Geissler*. The cited opinion upheld the validity of the statute invoked by the plaintiffs in this cause and the opinion reflects that careful research and reasoning went into its preparation. As an intermediate appellate court, we follow the rationale of *Geissler* which received at least the tacit approval of our Supreme Court. Defendants' second point is overruled.

By their third point, defendants contend that "the Court's injunction is too vague and indefinite to apprise the appellants of

what they may or may not do." The thrust of the argument is set out in this language:

"Paragraph (a) [quoted above] of said temporary injunction prohibits mass picketing. Does this mean that the pickets have to be walking a picket line with the picket sign on their shoulders, or does it mean that no more than two people can congregate in the general area?"

Neither party has favored us with authorities on defendants' third point and plaintiffs' reply is relatively short:

"Appellants apparently seek an advisory opinion under this point. This appeal does not involve any charges of contempt for violation of the injunction order. Accordingly, the issue as to whether or not an 'on-looker' is bound by the judgment is not before this Court."

█ The order granting the injunction defined "picket" and "picketing" in substantially the language found in Article 5154d, § 1, subdivision 2. We are not considering a case of one charged with violation of the order; nor does the point complain that the statutory language, as melded into the injunction order, is overly broad in scope. Whether or not an "on-looker" is bound by the terms of the order is governed by the language of the order itself and is a question of law. Ex parte Conway, 419 S.W.2d 827, 828 (Tex.Sup., 1967); Rule 683. Whether his acts, in *fact*, violate the provisions of the order must await a development of such facts since courts are not authorized to give advisory opinions. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641, 651 (1933).

Having reviewed all of the points brought forward attacking the judgment of the trial court and finding no error therein, the judgment is affirmed.