**Ex partes Gordon W. CARSON & Jimmie Carson.**

**No. 69030.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 17, 1982.

Joe D. Gregory, Dallas, for appellant.

Hal E. Turley, Staff Atty., Dallas County Criminal District Courts, Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. Atty. Gen., Austin, for the State.

## OPINION

ODOM, Judge.

Petitioners have applied for a writ of habeas corpus attacking the validity of the judgment in the 292nd Judicial District Court of Dallas County, holding them in contempt of court, assessing their punishment at a $500 fine and 5 days in jail each, and further ordering that they be held in jail until they purge themselves of the contempt by paying a sum of money into the registry of the court.

Petitioners attack the sufficiency of the evidence at the contempt hearing. They assert that there was no evidence presented to show they violated the court's order.

In *Ex parte Arnold,* 503 S.W.2d 529, 534, the court stated:

"The power to punish for contempt should only be exercised with caution . . . also, contempt is not to be presumed, but on the contrary is presumed not to exist. *Ex parte Elmore* [161 Tex. 585], 342 S.W.2d 558.

"The burden of proof in a contempt proceeding is 'beyond a reasonable doubt.' *Ex parte Cragg* [133 Tex.Cr.R. 118], 109 S.W.2d 479."

In the present case the record reflects that no evidence was produced to show that petitioners had violated the court order. The closest the court came to receiving evidence of a violation was:

"THE COURT: You all were present in the court were you not, when I ordered the company agent, Mr. Whiteside to pay $8,500.00 to reimburse Ms. Triggs or Mr. Griggs forthwith, were you not?

"MR. IZAK GREGORY: I was present in open court at the last proceeding, Your Honor, but prior to proceeding on this hearing, I would ask the Court to grant us at least fifteen minutes or ten minutes with the file so we might go over it with our clients.

\*      \*      \*      \*      \*      \*

"THE COURT: Is there any reason you can show, any just cause why these two individuals that have been served, that being Jimmy Carson and Gordon Carson should not be held in contempt?"

The question was never answered directly. Defense counsel asked later:

"In other words, is the court going to hold my clients unless they show cause why they shouldn't be held in contempt on a verbal order—

"THE COURT: And until they purge themselves of contempt, you're exactly right."

No evidence was presented on the issue of violating the court's order or what petitioners were being held in contempt for. The record indicates that most of the contempt hearing consists of argument of counsel to obtain a written order for appeal purposes.

In *Ex parte Elmore,* 161 Tex. 585, 342 S.W.2d 558 and cases cited therein, the court takes into consideration the entire record including the evidence offered at the contempt hearing to determine whether due process has been accorded. In the present case there is nothing in the entire record to indicate that petitioners were guilty of contempt. The trial judge merely presumed they did not pay back the money in conformity with the court's order and thereby held them in contempt. Such a presumption in a contempt proceeding is a denial of due process.

Accordingly, relief is granted petitioners.