In the Interest of Kathleen Elizabeth BRECHEISEN, a Child.

No. 05–84–00642–CV.

Court of Appeals of Texas, Dallas.

June 4, 1985.

Rehearing Denied July 22, 1985.

See also 665 S.W.2d 191.

Dennis E. Alvoid, Hultgren, Alvoid & Berger, Dallas, for appellant.

Irwin Lightstone, P.C., Dallas, for appellee.

Before STEPHENS, ALLEN and McCLUNG, JJ.

ALLEN, Justice.

Robert Owen Brecheisen appeals from an order entered on a motion for the involuntary assignment of his wages. Brecheisen urges reversal on five points of error. In his first point of error, he contends that the trial court lacked jurisdiction to enter the order because the motion was filed after the child became eighteen years old and, therefore, the court was no longer a court of continuing jurisdiction as required by statute for entry of the order. We agree with this contention and find it dispositive of this appeal. We reverse the order entered by the trial court, direct that it be set aside, and dismiss the motion for involuntary assignment of wages.

Brecheisen was ordered to pay child support to his former wife, Carolyn Brecheisen Johnson, for the benefit of one minor child, Kathleen Elizabeth Brecheisen, by court orders previously entered in Georgia and Texas. On January 22, 1982, a final judgment for arrearages and attorneys' fees was entered by a district court in Dallas County. On September 9, 1983, Kathleen Brecheisen reached eighteen years of age. A motion for garnishment and involuntary assignment of wages was filed by Johnson on January 19, 1984, for satisfaction of the January 1982 final judgment. The motion resulted in a March 23, 1984, order for assignment of wages directed to Brecheisen's employer Polaroid Corporation.

Brecheisen contends that the trial court was no longer a court of continuing jurisdiction at the time the motion for involuntary assignment of wages was filed because the child had attained the age of eighteen years prior to the filing. He argues that the statute requires that motions for this type relief must be filed in the court of continuing jurisdiction. We agree.

Ordinarily, current wages for personal services are not subject to garnish-

ment. TEX. CONST. art. XVI, § 28; TEX. REV.CIV.STAT.ANN. Art. 4099 (Vernon 1966). An amendment to article XVI, section 28 of the Texas Constitution was adopted November 8, 1983, which literally creates an exception to garnishment prohibition. It provides for garnishment of current wages for "the enforcement of court ordered child support payments." The procedure for obtaining an involuntary assignment of wages for accrued, unpaid child support is provided for in TEX.FAM.CODE ANN. § 14.091(p) (Vernon Supp.1985). Although no time limit is prescribed for the filing of a motion for involuntary assignment of earnings, only the "court of continuing jurisdiction may order an involuntary assignment." TEX.FAM.CODE ANN. § 14.091(p)(1).

■ A court of continuing jurisdiction is one that, once having acquired jurisdiction, retains jurisdiction in all "matters ... in connection with the child. No other court of this state has jurisdiction of a suit affecting the parent-child relationship with regard to the child...." TEX.FAM.CODE ANN. § 11.05 (Vernon 1975). "Child" is defined as "a person under 18 years of age ..." TEX.FAM.CODE ANN. § 11.01(1) (Vernon 1975). From the language used, the evident purpose of section 14.091 is to aid in the collection of on-going child support during the minority years of the child. We hold that motions invoking special aids for the collection of child support arrearages, such as contempt and involuntary assignment of wages must be filed prior to the child's attaining majority. *See Ex parte Thomas*, 609 S.W.2d 829, 832 (Tex. App.—Tyler 1980, no writ). Consequently, we hold that a trial court retains no continuing jurisdiction to make new orders or to entertain new requests for such relief after the child attains age eighteen. *See Ex parte Fernandez*, 645 S.W.2d 636, 638 (Tex.App.—El Paso 1983, no writ).

Johnson contends that *Ex parte Hooks*, 415 S.W.2d 166, 167–68 (Tex.1967), requires us to hold that the trial court retains continuing jurisdiction to enforce court ordered child support obligations which ac-

crued before the child's eighteenth birthday, even when the application for the order is filed after the child attains age eighteen. We disagree and conclude that the holding in *Hooks* relied on facts which are distinguishable from the instant case. First, the contempt judgment sought to be enforced in *Hooks* was entered by the trial court while the child was under eighteen years of age. Second, *Hooks* concerned construction of a contempt statute which has been repealed and replaced by § 14.09 of the Family Code. Moreover, Family Code section 14.091 was added in 1983 and allows only the court of continuing jurisdiction to order an involuntary assignment of earnings.

■ By the time Johnson filed her motion for assignment of Brecheisen's wages, Kathleen Brecheisen had reached eighteen years of age. Therefore, she was an adult for purposes of the Family Code and the trial court, losing continuing jurisdiction, was no longer judicially concerned with her support. *Ex parte Thomas*, 609 S.W.2d at 832. Accordingly, the trial court's order assigning Brecheisen's wages to Johnson is void for lack of subject matter jurisdiction.

This opinion, however, does not leave Johnson without her elected remedy for collection of the unpaid child support. The child support due and owing Johnson was reduced to a final judgment on January 22, 1982. Our statutory law provides that when this remedy is selected in pursuit of your cause of action and reduced to judgment, the judgment may be enforced by any means available for the enforcement of judgments for debts. TEX.FAM.CODE ANN. § 14.09(c) (Vernon 1975).

We reverse the order of the trial court for involuntary assignment of wages, direct that the order be set aside and we direct that the motion for garnishment and involuntary assignment of wages filed by Carolyn Brecheisen Johnson be dismissed for want of jurisdiction.