**Ex Parte Ronald Alton CHRISTENSEN, Relator.**

No. 01–93–00364–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 2, 1993.

Rehearing Denied Jan. 13, 1994.

Leon Burris, Houston, for appellant.

Bruce R. Staffler, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and HEDGES and HUTSON–DUNN, JJ.

## OPINION

HUTSON–DUNN, Justice.

This petition for writ of habeas corpus arises from an order following a motion for contempt filed by Marissa Christensen, the real party in interest, against Ronald Alton Christensen, relator, for failure to pay child support according to the terms of their divorce decree, dated June 23, 1992.

On September 9, 1992, the trial court found relator in contempt for failure to pay child support as ordered in the original or-

der, $175.00 on August 1 and $175.00 on August 15, 1992, and ordered confinement in the county jail for a period of five days for each separate violation, and thereafter until he purged himself of civil contempt by paying $1,158.00. In that same order, the court suspended the commitment and placed relator on probation for one year. On April 23, 1993, the court found that relator had failed to comply with the terms and conditions of the September 9 order suspending commitment and revoked the suspension, ordering relator to the custody of the Harris County sheriff.

This Court granted leave to file relator's writ of habeas corpus on April 29, 1993, and ordered relator released from jail pending a final determination of the matter.

Relator contends in this habeas corpus proceeding that he is illegally confined and restrained because: (1) the amounts due for the August child support payments were withheld from his paycheck pursuant to the withholding order filed June 17, 1992; (2) relator is, in reality, being confined for child support owed prior to the signing of the final decree; (3) the master's report was the "final order" upon which the real party in interest relied when she obtained the writ permitting her to attach relator's bank account on May 29, 1992; therefore, she is estopped from enforcing the terms of some other order; (4) the "final divorce decree" is void because it was signed by the trial judge after its plenary power expired, more than 30 days after the court adopted the master's report on April 16, 1992, which constituted the final divorce decree; and (5) the capias issued on October 27, 1992, was without personal notice to relator.

■ A writ of habeas corpus is a collateral attack on the trial court's order, and it is the relator's burden to demonstrate that the contempt order is void, not merely erroneous. *Ex parte Williams,* 704 S.W.2d 465, 468 (Tex. App.—Houston [1st Dist.] 1986, orig. proceeding). The relator may accomplish this by demonstrating that the order is void because it was either beyond the power of the court to issue such an order, or because the order deprived the relator of his liberty without due process of law. *Ex parte Barnett,*

600 S.W.2d 252, 254 (Tex.1980); *Ex parte Crawford,* 684 S.W.2d 124, 126 (Tex.App.— Houston [14th Dist.] 1984, orig. proceeding).

Relator argues he is illegally restrained because the August child support payments for which he is confined were in fact paid because they were withheld from his paycheck. The record demonstrates that $161.54 was withheld from relator's paycheck on August 17, 1992, and again on August 28, 1992.

■ Relator contends he cannot be held in contempt for nonpayment of the August 1 and 15 payments ordered in the original order because he was subject to an Employer's Withholding Order which called for payments of $161.54 every other week instead of $175.00 due on the first and fifteenth per the original order. He asserts that Exhibit 8, which is an Employer's Withholding Order dated June 18, 1992, was signed by the trial court and served on relator's employer. He states that the testimony shows that the child support due in August was withheld from his salary pursuant to the June 18 Employer's Withholding Order.

Under TEX.FAM.CODE ANN. § 14.43(a) and (b) (Vernon Supp.1993), it is generally mandatory that the trial court provide provisions pertaining to withholding income from the disposable earnings of the obligor in every suit affecting the parent child relationship in which child support payments are ordered.

In this case, the trial court set out in its final order, dated June 23, 1992, the required withholding provisions and stated that an "Employer's order to withhold from earnings for the payment of child support is filed in conjunction with the decree and incorporated herein for all purposes." This withholding order was to be attached to the final decree and was to be issued on request made to the clerk of the court by any of the following persons: the prosecuting attorney, the attorney general, Marissa Dawn Christensen, or Ronald Alton Christensen. If a request was made, a certified copy of the Employer's Withholding Order was to be served by the clerk on the designated employer and would take effect as provided therein. In this record, an *Order to Employer to Withhold from*

*Earnings for Child Support* was filed with the clerk on June 17, 1992, and signed by the judge on June 18, 1992. We are unable to determine whether the June 18 withholding order was the order to be incorporated in the final decree or whether after Mrs. Christensen request, the withholding order was actually issued and served. There is no evidence in the record of a request for service being made for the June 18 order or, if such a request was made, the record does not contain the date of service on relator's employer.

■  Generally, the Employer's Withholding Order is not intended to replace the initial child support ordered by the court, nor effect the amount ordered or change the dates on which the child support is due. *See Interest of Brecheisen,* 694 S.W.2d 438, 439 (Tex.App.—Dallas 1985, writ dism'd). However, in the final order dated June 23, 1992, which forms the basis of this contempt, the trial court specified that the child support order is subject to the provisions of the withholding order.

Following is the original child support order as contained in the final decree:

Child Support:

It is ORDERED and DECREED that Ronald Alton Christensen is obligated to pay and, *subject to the provisions for withholding from earnings for child support specified below,* shall pay to Marissa Dawn Christensen child support of $350.00 per month, in two installments of $175.00 each, with the first installment of $175.00 being due and payable on April 15, 1992, and like payments of $175.00 being due and payable on each 1st and 15th days of each month thereafter until the date of the earliest occurrence of one of the following events. . . .

(Emphasis added.)

Here the question becomes whether the final order was still in effect, i.e., $175.00 child support due on August 1 and 15, the dates the court found that relator failed to pay his child support, or, as relator argues, whether these dates were changed by the issuance and service of an Employer's Withholding Order.

On June 28, 1992, Mrs. Christensen filed a motion for enforcement of child support and also requested that the court order income withheld for child support (i.e., that an Employer's Withholding Order be issued). The court set a hearing on the matter for August 4, 1992.

The record does not contain a copy of the withholding order issued following Mrs. Christensen's request of June 28, nor is there any record that such an order was served on the relator's employer. However, Mrs. Christensen testified that she obtained a withholding order and it was served on relator's employer, but she did not testify as to the date of such service. Further, she testified that she received a child support withholding payment of $161.54 from relator's employer on August 17 and 28. The date of service of the Employer's Withholding Order on relator's employer is crucial because the original child support order is subject to the Employer's Withholding Order. The service date of the withholding order determines when the withholding order becomes effective and thus when the child support payments were due.

According to the court's final decree and the withholding provisions, an Employer Withholding Order becomes effective when it is delivered to the obligor's current employer by the clerk of the court upon request of the persons specified. As stated above, the record indicates Mrs. Christensen made such a request at the time she filed her motion for enforcement of child support. However, it is impossible to determine from this record when the withholding order was served even though the record demonstrates that relator's employer withheld child support on August 17 and 28.

We find, under this record, that the original decree for child support payments in the amount of $175.00 each, payable on August 1 and 15, is still in effect and has not been superseded by an effective Employer's Withholding Order. Therefore, the court's finding that relator has failed to make the $175.00 on these specific dates is not in error.

■  Relator argues that he is in reality being confined for child support owed prior to the signing of the final decree. Relator

cannot be incarcerated for sums owed prior to the signing of the final order on June 23, 1992. *See Ex parte Conway,* 419 S.W.2d 827, 828 (Tex.1967). The record reflects the court's awareness of its inability to hold relator in contempt for amounts due prior to June 23, 1992. In the court's order holding relator in contempt, it found that relator did not pay the August 1 and 15 child support (in payments of $175.00 each) on August 1 and August 15:

> The Court finds that Respondent [relator] was able to pay child support in the amounts and on the dates ordered as set out above and that Respondent is guilty of a separate act of contempt for each such separate failure to pay child support in the amounts ordered.

The final divorce decree states:

> If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this order, the balance due remains an obligation of Ronald Alton Christensen, and it is hereby ORDERED AND DECREED that Ronald Alton Christensen pay the balance due directly to the registry of the court specified below.

■ At the contempt hearing, a handwritten sheet, generated by the real party in interest, was introduced to show the amounts withheld from relator's paycheck for $161.54 on August 17 and August 28. However, according to the decree, if the amount withheld was less than 100 percent of the amount ordered, relator was obligated to pay the difference into the registry of the court. There is nothing in this record to show that $175.00 was paid on August 1 and again on August 15. Relator was held in contempt "for each such separate failure to pay child support *in the amounts ordered.*" (Emphasis added.)

The court did not find relator in contempt for any payments other than the payments due on August 1 and August 15. Even though the court found relator in arrears (and in civil contempt) for payments due prior to the date of the final decree, he was held in criminal contempt for payments due subsequent to the date of the June 23, 1992,

final order. Revocation of the suspended commitment and incarceration occurred on April 23, 1993, when the trial court found relator was in violation of the terms of probation and suspension outlined in the September 2 contempt order.

■ Relator argues the divorce decree is void because the court adopted the master's report and the divorce decree was signed more than 30 days after the date of the master's report. He argues that since this final divorce decree is void, any contempt order based upon this decree is also void. We disagree. Pursuant to the provisions of TEX.GOV'T CODE ANN. § 54.013 (Vernon 1988), the master's findings and recommendations become the court's order or decree only when the court signs an order or decree conforming to the master's report. The language of the statute demonstrates that the operative date is when the referring court signs an order that conforms to the master's report. Prior to that time, the master's report merely consists of findings and recommendations. There is no specified period in which the trial court must adopt the master's report. The court's plenary power extends 30 days after the signing of the final decree. TEX.R.CIV.P. 329b(d).

■ He also argues that the real party in interest is estopped from arguing he is in contempt of the June 23, 1992, order because she represented to the court in her garnishment action on his bank account that the master's report was the final decree. We disagree. A party's representations do not change the legal effect of a final order or the court's plenary power.

Relator finally urges that he is illegally confined because the court issued a capias on October 27, 1992, without personal notice to him. However, in the contempt hearing, relator abandoned his objection to the lack of personal service of the citation. TEX.R.CIV.P. 120.

Relator has failed to meet his burden to demonstrate that the contempt order is void because it was either beyond the power of the court to issue such an order, or because the order deprived relator of his liberty without due process of law.

We deny relator habeas corpus relief and order him remanded to the custody of the sheriff of Harris County to complete the terms of the order of commitment dated September 9, 1992, signed by the judge of the 246th District Court of Harris County, Texas, in cause number 91–41612.

OLIVER–PARROTT, C.J., dissenting.

OLIVER–PARROTT, Chief Justice, dissenting.

I respectfully dissent. The chronology of relevant events is important to an analysis of the issues in this case, and is as follows:

June 18, 1992  Order to withhold child support filed (June 17) by Marissa Christensen signed by the judge. Withholding to begin no later than the first pay period that occurs 14 days following the date the order is served on the employer. Employer to remit to Harris County Child Support Division. The record does not reflect when this order was served upon the employer.

June 23, 1992  Final divorce decree signed by the judge. Orders child support of $350 per month to be paid to Marissa Christensen on the first and fifteenth. Order also permits employer withholding as an alternate method of satisfying this obligation. This provision is set out more fully below.

June 30, 1992  Motion for enforcement and order to appear filed by Marissa Christensen alleging Ronald Christensen violated the divorce decree by not paying the 6-1-92 and the 6-15-92 child support. She also asked for enforcement of future child support payments due on 7-1-92, 7-15-92, 8-1-92, and 8-15-92.

August 13, 1992  Relator responds to this motion. Among other things, he alleges inability to pay the June child support and that the divorce decree is void, and generally denies the allegations.

September 2, 1992  Hearing on motion held.

September 9, 1992  Contempt order entered, but suspended. Judge found that Ronald Christensen was in contempt for failing to pay the 8-1-92 and 8-15-92 child support payments.

January 28, 1993  Motion to revoke suspension of commitment filed by Marissa Christensen. Judge orders Ronald Christensen to appear on April 13, 1993.

April 26, 1993  Hearing held. Order revoking suspension and for commitment to county jail signed. Ronald Christensen remanded to the custody of Harris County sheriff. This is the commitment order about which relator complains.

Those familiar with the law governing contempt and enforcement of child support orders will no doubt notice several problems from the above chronology. Relator, however, has asked us to consider only those issues set forth in the majority opinion. I agree with the majority that relator's complaints, other than the one concerning payment by withholding, are without merit. The real issue before this Court is whether an obligor may be found in contempt when child support payments are made in accordance with an order for employer withholding, but neither the amount nor the timing of the payments withheld accord with the regular child support order, i.e. $175 payable on the first and fifteenth of each month.

The portion of the divorce decree concerning relator's child support obligations and employer withholding reads as follows:

It is ORDERED and DECREED that Ronald Alton Christensen is obligated to pay and, *subject to the provisions for withholding from earnings for child support specified below,* shall pay to Marissa Dawn Christensen child support of $350.00 per month, in two installments of $175.00 each, with the first installment of $175.00 being due and payable on April 15, 1992, and like payments of $175.00 being due and payable on each 1st and 15th days of each month thereafter....

Withhold from Earnings.  IT IS ORDERED AND DECREED that any employer of Ronald Alton Christensen shall be ordered to withhold from earnings for child support from the disposable earnings of Ronald Alton Christensen for the support of the child.... *Depending on the regularly scheduled wage and salary payments established by the employer,* the employer shall be ordered to withhold

from earnings for child support *on the schedule appropriate to the employer's payroll period,* as follows: $350.00 monthly, $175.00 semimonthly, *$161.54 biweekly* or $80.77 weekly, provided that the amount of income withheld for any pay period shall not exceed 50 percent of Ronald Alton Christensen's disposable earnings. The first payment is due and payable no later than the first pay period that occurs 14 days following the date on which the "Order Withholding from Earnings for Child Support" is served on the employer. The employer shall continue to withhold income as long as Ronald Alton Christensen remains employed, until further order of this Court.

<u>Withholding as Credit Against Support Obligation.</u> IT IS ORDERED AND DECREED that all amounts withheld from the disposable earnings of Ronald Alton Christensen by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. *Payment of the full amount of child support ordered paid by this order through the means of withholding from earnings shall discharge the child support obligation.* If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this order, the balance due remains an obligation of Ronald Alton Christensen, and it is hereby ORDERED AND DECREED that Ronald Alton Christensen pay the balance due directly to the registry of the court specified below.

(Emphasis added.)

I construe the child support provisions of the divorce decree as requiring relator to pay $175 on the first and fifteenth of every month, including August 1 and August 15, 1992, *unless an employer withholding order is in effect.* If there is such an order in effect and the employer regularly pays biweekly, the child support provisions state that $161.54 is the appropriate withholding amount.

The record shows two payments of $161.54 were withheld by relator's employer in August 1992. Mrs. Christensen testified as follows on cross-examination during the September 2, 1992, hearing:

Relator's Counsel: And you further have obtained a wage withholding order.

Mrs. Christensen: Yes.

Q: And you have served that on his employer, haven't you?

A: Yes.

Q: And, in fact, August and September amounts have been withheld from his paycheck; have they not?

. . . .

A: I know that September has not been withheld.

Q: Okay, but you don't know whether or not August is not [sic] been withheld?

A: I know that August was withheld. I don't know anything about September.

Despite the evidence that a withholding order was in effect and child support for August had been paid in accordance with that order, the trial court found in the April 26, 1993, order revoking suspension and for commitment to county jail:

[T]hat Respondent [relator] is in contempt of court for failing to pay to Marissa Dawn Christensen through the Harris County Juvenile Probation Office the full amount of child support on each of the payment dates shown below:

| Violation | Date Due | Amount Due | Date Paid | Amount Paid |
|---|---|---|---|---|
| 1 | 08-01-92 | $175 | | -0- |
| 2 | 08-15-92 | $175 | | -0- |

I believe we should find that the order revoking suspension and for commitment to county jail is void because there is simply no evidence to support the court's findings of no August 1992 child support payments. *See, e.g., Ex parte Williams,* 690 S.W.2d 243, 244 (Tex.1985, orig. proceeding) (contempt order is void absent proof that contemnor violated the temporary injunction of the trial court).

It should also be noted that if relator is being incarcerated for late payments in August, rather than nonpayment, the divorce decree, for violation of which relator has been held in contempt, is ambiguous. It is clear that if relator pays Marissa Christensen directly, payments must be made on the first and fifteenth of each month. However,

the decree provides for payment of this child support obligation by employer withholding, and recognizes that the withholding may be made on a "schedule appropriate to the employer's payroll periods." The decree also provides that, "Payment of the full amount of child support ordered paid by this order through the means of withholding from earnings shall discharge the child support obligation." These withholding provisions have no practical effect if the obligor may be found in contempt when the employer's regular payroll schedule is not on the first and fifteenth of every month.

For a person to be held in contempt for disobeying a court order, the order must spell out the details of compliance in clear, specific, and unambiguous terms, or the order is void. *Ex parte Slavin,* 412 S.W.2d 43, 44, 45 (Tex.1967, orig. proceeding). This Court has the power to order release of a relator if the underlying order is void. *Ex parte Occhipenti,* 796 S.W.2d 805, 807 (Tex. App.—Houston [1st Dist.] 1990, orig proceeding).

Relator should be discharged from custody.