Opinion issued November 16, 2006







 


 
 
 
 






In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00604-CV
____________
 
NANCY LEE EVANS, Appellant
 
V.
 
THOMAS RAY EVANS, JR., Appellee
 

 
 
On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 17705*RH01
 

 
 
MEMORANDUM OPINION
Appellant, Nancy Lee Evans (“Nancy”), challenges the trial court’s “Order in
Suit to Modify Parent-Child Relationship and Cumulative Judgment on Arrears”
entered after the trial court denied her motion to clarify a prior child support order
entered against appellee, Thomas Ray Evans (“Thomas”).


 In three issues, Nancy
contends that the trial court erred in (1) refusing to clarify the child support order and
concluding that it is unambiguous, (2) construing the order to terminate child support
when the eldest of their three children reached the age of 18, and (3) concluding that
Thomas did not waive his right to complain of the enforceability of the order. 
We reverse and remand.
Factual and Procedural Background
          Nancy and Thomas divorced


 in Fort Bend County, and the final decree of
divorce, entered on December 5, 1990, contains various provisions regarding the
division of the marital estate, conservatorship, and child support. The decree
identifies their three children as (1) Noelle, who was seven years old at the time of the
divorce, (2) Thomas, who was two years old, and (3) Jonathan, who was one year old. 
The decree’s child support provision orders Thomas to make payments to Nancy in
the amount of $1,500 per month “until the child reaches the age of 18 years . . . .”


 
(emphasis added). It also orders any employer of Thomas to withhold disposable
earnings for the purpose of meeting the child support obligation and sets a schedule
for such withholding. The withholding language provides that amounts for child
support would be withheld “until the date of the earlies [sic] occurrence of one of the
following events: 1) any child reaches the age of 18 years . . . .”


 (emphasis added). 
          On June 4, 2002, Nancy filed a motion for enforcement of child support,
alleging that Thomas had failed to comply with the child support provisions of the
decree. On July 1, 2002, the trial court entered an agreed order on the motion for
enforcement confirming arrearage and interest for child support in the amount of
$85,202.34. The trial court also found Thomas in contempt, suspended the
commitment, and set forth a schedule for the payment of the cumulative unpaid
balance. 
          In July 2004, the Office of the Attorney General brought an action on behalf
of Nancy for enforcement. In his first amended response, Thomas “affirmatively
plead[ed] there [were] no child support orders in place and same terminated in June
2002.” In the alternative, Thomas argued that the divorce decree was incapable of
enforcement because it was “ambiguous and [] not clear and specific enough in its
terms that [Thomas] knows what duties or obligations are required.” 
          Nancy subsequently filed her motion for clarification of the child support order,
and the Office of the Attorney General filed an amended motion for clarification and
enforcement of the prior order and, alternatively, a suit to modify the child support
order. 
          On February 17, 2005, the trial court held a hearing on the motions and, on
March 24, 2005, in its Order Denying Clarification, found that the divorce decree
“should not be clarified and that child support ceased as ordered.” In its Findings of
Fact and Conclusions of Law, the trial court found that the pertinent language in the
decree is “clear and specific relative to the payment of child support and when child
support ends.” It also found that Thomas’s child support obligation terminated when
“any child turned eighteen or graduated from high school, whichever occurred last.” 
The trial court concluded that, to the extent that the child support obligation ended
prior to June 1, 2002, Thomas had waived any complaint by agreeing to the
establishment of an arrearage reflected in the negotiated settlement on the motion for
contempt. However, the trial court further concluded that Thomas had not waived
any right to complain or contest any child support obligation after the agreed
judgment. In its Order in Suit to Modify Parent-Child Relationship and Cumulative
Judgment on Arrears, the trial court reduced Thomas’s cumulative obligations to
$50,605.68, which essentially eliminated any child support from June 2002 to July
2004. Clarification
          In her first and second issues, Nancy argues that the trial court erred in refusing
to clarify the child support order in the underlying divorce decree and in construing
the child support order to terminate child support when Noelle, the eldest child,
became 18 years old because the pertinent language is “vague and ambiguous.” 
          A trial court may not amend, modify, alter, or change the division of property
made or approved in the divorce decree. Tex. Fam. Code Ann. § 9.007(a) (Vernon
2006); Shanks v. Treadway, 110 S.W.3d 444, 449 (Tex. 2003). However, a trial court
may clarify an order rendered by the court in a proceeding if it finds, on the motion
of a party or on its own motion, that the order is not specific enough to be enforced
by contempt. Tex. Fam. Code Ann. § 157.421(a) (Vernon 2002); see also Gross v.
Gross, 808 S.W.2d 215, 219 (Tex. App.—Houston [14th Dist.] 1991, no writ) (stating
that because appellant never moved to clarify, he could not later complain that order
was ambiguous). The only basis for a trial court’s authority to clarify a prior order
is when the provisions are ambiguous. McKnight v. Trogdon-McKnight, 132 S.W.3d
126, 130 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Whether a decree is
ambiguous is a question of law subject to de novo review. See Shanks, 110 S.W.3d
at 447. 
          Thomas argues that because “it is undisputed that the decree terminates [his]
child support obligation when any child turns 18,” the trial properly denied Nancy’s
request to clarify the decree so as to require him to continue to make child support
payments after Noelle, the eldest child, turned 18 years old. He contends that Nancy
is essentially seeking a substantive change to the decree. Thomas notes that although
the decree acknowledges all three children of the marriage, when discussing child
support, it clearly states that Thomas is obligated to pay child support “until the child
reaches the age of 18 years.” Thomas also notes that the employer’s withholding
provision of the decree provides that Thomas’s earnings were to be withheld until
“any child reaches the age of 18 years.” 
          In its Findings of Fact and Conclusions of Law, the trial court found
significance in the decree’s use of the term “the child” in the language defining
Thomas’s child support obligations. It also emphasized the withholding paragraph’s
language ordering that withholding of Thomas’s earnings are to cease when “any
child” meets the stated contingencies. Based on this language, the trial court
interpreted the decree to terminate child support “when any child of his turned
eighteen,” explaining that “the language on page 18 of the decree [child support
provisions] is consistent with and clarified by the language on page 20 of the decree
[withholding provisions].” It concluded that the child support language in the decree
“is clear and specific” and that Thomas’s obligation to pay child support “terminated
when any child of his turned eighteen or graduated from high school, whichever
occurred last.” 
          Agreed judgments, such as divorce decrees, are interpreted in accordance with
contract law. McGoodwin v. McGoodwin, 671 S.W.2d 880, 882 (Tex. 1984). When
the decree is plain and unambiguous, there is no room left for interpretation, and the
effect of the decree is a question of law for the court to decide in light of the literal
meaning of the language used. See Reiss v. Reiss, 118 S.W.3d 439, 441–42 (Tex.
2003). A contract is ambiguous only if, after the application of established rules of
construction, an agreement is still susceptible to more than one reasonable meaning.
DeWitt County Elec. Coop., Inc. v. Parks, 1 S.W.3d 96, 100 (Tex. 1999). Language
should be given its plain grammatical meaning unless it definitely appears that the
intention of the parties would thereby be defeated. Caldwell v. Curioni, 125 S.W.3d
784, 792 (Tex. App.—Dallas 2004, pet. denied). Although the determination of
whether a contract is ambiguous should be limited to an examination of the language
of the agreement, courts may examine extrinsic evidence of “surrounding
circumstances” or “the subject matter of the contract” to determine if a latent
ambiguity exists. Birmingham Fire Ins. Co. of Pa. v. Am. Nat’l Fire Ins. Co., 947
S.W.2d 592, 603 (Tex. App.—Texarkana 1997, writ denied). A court should give
great weight to the interpretation placed upon a contract of uncertain meaning by the
parties themselves. Harris v. Rowe, 593 S.W.2d 303, 306 (Tex. 1979).
          Initially, we note that, generally, an employer’s withholding order is not
intended to replace the initial child support ordered by a court, nor to affect the
amount ordered or change the dates on which the child support is due. Ex parte
Christensen, 868 S.W.2d 376, 379 (Tex. App.—Houston [1st. Dist.] 1993, orig.
proceeding). Thomas argues that Christensen is distinguishable because the
withholding order in that case was a separate order and the withholding language in
this case is contained alongside the child support provisions in the decree. However,
regardless of the proximity of the withholding language to the child support
provisions, it is the child support provisions, and not the withholding order, that
defines Thomas’s child support obligations. Courts must favor an interpretation of
a decree that affords some consequence to each part of the instrument so that none of
the provisions will be rendered meaningless. J.M. Davidson, Inc. v. Webster, 128
S.W.3d 223, 235 (Tex. 2003). Moreover, we note that the withholding paragraph
states that Thomas’s earnings be withheld “for the support of Noelle Lee Evans,
Thomas Richmond Evans, and Jonathan Lawrence Evans.” Thus, although the
language provides that withholding ceases when “any child” turns 18, the same
paragraph expressly recognizes that the support is in fact for the benefit of all three
children. 
          The child support provisions state only that Thomas is to pay child support
until “the child” turns 18 years old. Although the decree, in its standard possession
provisions, notes that the term “child” includes “each child who is a subject of this
suit,” the decree does not define “child” for purposes of the child support provisions.
Thomas concedes, in his briefing, that “[t]here is no indication in the [d]ecree limiting
this use of ‘the child’ to any of the specific children.” Thus, there is no way of
determining which of the couple’s three children is “the child” described in the child
support provisions. If the meaning of language used in a written instrument becomes
uncertain when applied to the subject matter of the instrument, the instrument is
latently ambiguous. Birmingham Fire Ins. Co., 947 S.W.2d at 603. 
          Here, the decree, as worded, is ambiguous. See Coker v. Coker, 650 S.W.2d
391, 393 (Tex. 1983); R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d
517, 519 (Tex. 1980). Accordingly, we hold that the trial court erred in denying
Nancy’s motion for clarification of the child support order. 
          We sustain Nancy’s first and second issues.


 
Conclusion
          We reverse the trial court’s Order in Suit to Modify Parent-Child Relationship
and Cumulative Judgment on Arrears and remand for proceedings consistent with this
opinion. 
            
 
     Terry Jennings
     Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.