Petition
for Writ of Habeas Corpus Granted and Memorandum Opinion filed May 27, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00328-CV

____________

 

IN RE SH’DAWN NICOLE SULLIVAN, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF HABEAS
CORPUS

 



 

M E M O R
A N D U M  O P I N I O N

On April 12, 2010, relator, Sh’Dawn
Nicole Sullivan, filed a petition for writ of habeas corpus.  See Tex. Gov=t Code Ann. ' 22.221(d) (Vernon 2004); see also Tex. R. App. P. 52.  A judgment of
contempt for (1) failure to deliver D.B. to Houston Hobby Airport, at least two
hours before the scheduled departure time of 8:45 p.m. on June 15, 2009, and
(2) failure to surrender D.B. to a flight attendant employed by Southwest Airlines
who would be flying on Flight Number 677, on June 15, 2009, from Houston Hobby
Airport, was entered against relator on April 9, 2010.  The trial court ordered
relator incarcerated for a period of 150 days.  Relator contends the commitment
order is void.  We agree.  

A criminal contempt conviction for violation of a court order
requires proof beyond a reasonable doubt of, among other things, a willful
intent to violate the order.  Ex parte Chambers, 898 S.W.2d 257, 259
(Tex. 1995).  “[O]ne must have knowledge or notice of an order which one is
charged with violating before a judgment of contempt will obtain.” Id.
at 261 (citing Ex parte Conway, 419 S.W.2d 827, 828 (Tex.1967)).  

The order at issue in this case did not provide the date and
time relator was required to deliver D.B. to the airport.  Rather, it
incorporated the date and time noticed in writing by Guy Barnes, real party in
interest, to relator.  Assuming, but expressly without deciding, that such an order
is enforceable by contempt, it could only be so enforced if relator received the
written notice incorporated into the order.  Otherwise, relator would not have
notice of the order she is charged with violating and could not be shown to
have willfully intended to violate the order.

  The record of the hearing conclusively establishes relator
did not receive the written notice of the date and time to deliver D.B. to the
airport.  We find, therefore, the commitment order is void.  See Ex parte
Garcia, 795 S.W.2d 740, 741 (Tex. 1990).  Accordingly, we grant relator=s petition for writ of habeas
corpus.  We further order relator released from the bond set by this court on
April 12, 2010.     

 

                                                                        PER
CURIAM

 

Petition Granted and Memorandum
Opinion filed May 28, 2010.

Panel consists of Justices Brown,
Sullivan, and Christopher.